BAILEY, COLLECTOR OF INTERNAL REVENUE, ET AL. *v.* GEORGE, TRADING AND DOING BUSINESS AS VIVIAN COTTON MILLS, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 590.  Argued March 7, 8, 1922.—Decided May 15, 1922.

A bill to enjoin a levy and sale of property to satisfy a penalty prescribed as a tax by an unconstitutional act of Congress, will not lie, in face of the inhibition of Rev. Stats., § 3224, when it sets up no extraordinary circumstances rendering that section inapplicable and exhibits no reason why the legal remedy of payment under protest and action to recover would not be adequate. P. 19.

274 Fed. 639, reversed.

APPEAL from a decree of the District Court permanently enjoining a collector and his deputy from collecting an assessment under the Federal Child Labor Tax Law.  See also *Child Labor Tax Case, post,* 20.

*Mr. Solicitor General Beck,* with whom *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, was on the brief, for appellants, attacked the jurisdiction of the lower court, citing Rev. Stats., § 3224, and contending that the imposition in question was a tax within the meaning of that section, whether unconstitutional or not;

that there were no extraordinary circumstances justifying interposition in equity, and that the policy of the law confined the remedy to an action for refund.

*Mr. W. Cleveland Davis* and *Mr. Campbell B. Fetner* for appellees.

The purpose of § 3224, Rev. Stats., is that the Government shall not be delayed in the collection of its revenue. The statute relates to exactions properly called taxes—that is, exactions for the purpose of raising revenue with which to run the Government. *Barnes* v. *The Railroads,* 17 Wall. 307; *Dodge* v. *Osborn,* 240 U. S. 118; *Dodge* v. *Brady,* 240 U. S. 122.

The Child Labor Law does not levy a tax within the meaning of that term. Its purpose is not to raise revenue with which to run the Government. Looking only at the statute itself one must conclude that it is more in its direct and necessary result—in its natural and reasonable effect—a regulation of the hours of labor permitted in factories and mines. It is not a tax at all, but is an attempt by Congress to exert a power as to a purely local matter, to which the federal authority does not extend. *Houck* v. *Little River Drainage District,* 239 U. S. 254; *New Jersey* v. *Anderson,* 203 U. S. 483, 492.

Clearly the tax in question is not levied upon person nor upon property. Is it, then, a privilege tax? Would a reasonable mind, upon reading the statute, conclude that Congress meant to collect the tax upon the theory that it was extending to the manufacturer the privilege of employing children under the prohibited age? *Mc-Bride* v. *Adams,* 70 Miss. 716. See *Thorne* v. *Lynch,* 269 Fed. 995; *Accardo* v. *Fontenst,* 269 Fed. 447; *Kaush* v. *Moore,* 268 Fed. 668.

That no revenue was intended to be raised by the Child Labor Act, but that it was intended to exert a power as to a purely local matter, to which the federal authority

did not extend and to penalize or fine the manufacturer for his failure to comply with the will of Congress, is shown by the discussion in the Senate. 57 Cong. Rec. 619, 620, 626.

The propositions laid down in *Hammer* v. *Dagenhart*, 247 U. S. 251, should apply equally to all grants of power under the Constitution, including the power to tax, unless, forsooth, there are no constitutional barriers against the powers of taxation, and Congress may be allowed under the guise of taxation to exert any influence upon matters purely local, at the congressional will, and those affected are to be deprived of their ordinary remedies and rights in courts of justice.

This Child Labor statute being a criminal or penalizing statute over matters of which Congress has no control, it is condemned by the principles announced by this court in cases in which taxing statutes have been upheld. *Mc-Cray* v. *United States*, 195 U. S. 27. No revenue was contemplated and none raised.

It will be noted that the act itself does not expressly provide for a collection of a tax by a warrant of distraint. In the absence of such provision, the usual method of collecting a penalty is by suit or other appropriate proceedings in court. 22 Cyc. 1680; 30 Cyc. 645; *Lees* v. *United States*, 150 U. S. 479.

Notwithstanding the inhibition of § 3224, the courts hold that the collection of the tax should be restrained if the enforcement of the tax would produce irreparable injury, or other circumstances justify equitable relief. *Allen* v. *Baltimore & Ohio R. R. Co.*, 114 U. S. 311; *Cummings* v. *National Bank*, 101 U. S. 153; *Poindexter* v. *Greenhow*, 114 U. S. 270. See also, *State Railroad Tax Cases*, 92 U. S. 575, 614; *Hannewinkle* v. *Georgetown*, 15 Wall. 547; *Shelton* v. *Platt*, 139 U. S. 591.

The petition alleges that a forced sale now would produce irreparable loss, because of depressed market con-

ditions. Under this and other allegations and admissions, this is a case in which a court of equity may enjoin the collection of the tax in spite of § 3224. *Snyder* v. *Marks,* 109 U. S. 189; *Cheatham* v. *United States,* 92 U. S. 85; *State Railroad Tax Cases,* 92 U. S. 575; *Dodge* v. *Osborn,* 240 U. S. 118.

The Child Labor Tax being admittedly not for the purpose of raising revenue but for the purpose of regulating child labor, and no revenue being contemplated by the act, the reason for the application of § 3224 fails.

MR. CHIEF JUSTICE TAFT delivered the opinion of the court.

The decree entered herein by the District Court and appealed from, directly, to this court, under § 238 of the Judicial Code, recited that the complainants operated a manufacturing plant for the production of cotton goods in Gaston County, North Carolina; that the defendant was a Federal Collector of Internal Revenue; that on the ground that complainants had employed children in their factory within the limits of ages prescribed in § 1200 of the act of Congress, known as the Child Labor Tax Law, approved February 24, 1919, c. 18, 40 Stat. 1057, 1138, they were under its terms assessed the sum of $2,098.06; that they filed a claim for abatement of the same, which was denied, that the Collector was about to make the exaction by distraining complainants' property, levying on it and selling it, that the act of Congress purporting to authorize the assessment was invalid under the Constitution of the United States, and on these grounds permanently enjoined the Collector from proceeding to collect the assessment.

An examination of the bill shows no other ground for equitable relief than as stated in the order. The bill does aver " That these your petitioners have exhausted all legal remedies and it is necessary for them to be given

equitable relief in the premises "; but there are no specific facts set forth sustaining this mere legal conclusion. Section 3224, Rev. Stats., provides that " No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." The averment that a taxing statute is unconstitutional does not take this case out of the section. There must be some extraordinary and exceptional circumstance not here averred or shown to make the provisions of the section inapplicable. *Dodge* v. *Brady,* 240 U. S. 122, 126. In spite of their averment, the complainants did not exhaust all their legal remedies. They might have paid the amount assessed under protest and then brought suit against the Collector to recover the amount paid with interest. No fact is alleged which would prevent them from availing themselves of this form of remedy.

The decree of the District Court is reversed and the cause remanded with directions to dismiss the bill.

*Reversed.*