**FELLAND v. WILKINSON, Collector of Internal Revenue for the District of Wisconsin.**

District Court, W. D. Wisconsin.  November 22, 1928.

No. 80—G.

Erling K. Loverud and Alvin M. Loverud, both of Stoughton, Wis., for plaintiff.

Stanley M. Ryan, U. S. Dist. Atty., of Janesville, Wis., and Harold E. Hanson, Asst. U. S. Dist. Atty., of Madison, Wis. (C. M. Charest, General Counsel Bureau of Internal Revenue, of Washington, D. C., and Donald V. Hunter, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

LUSE, District Judge (after stating the facts as above). ■ The bill discloses that prior to its dissolution the Stoughton Lumber Association was careful to have its 1919 business examined by a field man of the Internal Revenue Department to determine the amount of income tax for which the association might be liable, apparently with a view to avoiding the very difficulty which now presents itself, and that fact naturally enlists the sympathy of a court of equity but is deemed insufficient to constitute one of those exceptional cases which would make section 3224, Rev. St. (26 USCA § 154), inapplicable to a tax case, or section 604 of the Internal Revenue Act of 1928 (26 USCA § 2604) inapplicable to this case if valid and otherwise applicable. Complainant apparently has real estate which is unincumbered save for the lien of the claim here involved, and the court is unable to perceive why complainant could not, without difficulty, make a loan on the security of such real estate notwithstanding the existence of such lien if money so raised was applied to the extinguishment of the lien. Section 604 of the Revenue Act of 1928 is quite manifestly a companion section to section 3224, Rev. St., and no doubt if the former section is valid and otherwise applicable, it limits the equitable jurisdiction of courts to enjoin the collection of a liability at law or in equity of a transferee of the assets of a taxpayer as effectively as the latter section did in the case of a tax. Section 3224, Rev. St., has been applied in all its rigor in numerous cases, some of which are cited and reviewed in Graham v. Du Pont, 262 U. S. 234, 254, 43 S. Ct. 567, 67 L. Ed. 965. Only extraordinary and exceptional circumstances make inapplicable the provisions of section 3224, Rev. St. Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Hill v. Wallace, 257 U. S. 310, 42 S. Ct. 168, 66 L. Ed. 253.

Section 604 of the Revenue Act of 1928 (26 USCA § 2604) provides, so far as material, that: "No suit shall be maintained in any court for the purpose of restraining the assessment or collection of (1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any income, war-profits, excess-profits, or estate tax. * * *"

■ Manifestly the foregoing section is applicable by its terms to this suit notwithstanding it was passed after action was commenced. Smallwood et al. v. Gallardo, 275 U. S. 56, 48 S. Ct. 23, 72 L. Ed. 152.

■ Complainant strongly urges the reasoning and conclusions of Judge Dawson in Owensboro Ditcher & Grader Co. v. Lucas (D. C.) 18 F.(2d) 798, in support of his contention. The cogent reasoning of Judge Dawson leading to his conclusion that section 280 of the Act of 1926 (26 USCA § 1069), in so far as it assigns to administrative officers the power to determine the liability of a transferee of a taxpayer, is invalid as a grant of judicial power, seems well-nigh inescapable. However, assuming such invalidity, we have to deal in the instant case with section 604 of the act of 1928, and there is no escaping the conclusion that it was intended by Congress to apply to just such cases as we now have before us. It is well settled that section 3224, Rev. St., applied so as to prevent injunctions issuing to restrain the collection of a tax, even though the law imposing such tax was unconstitutional. Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816. The only exceptions to that rule are cases where the so-called tax was in reality a penalty "in the nature of punishment for a criminal offense," as in Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, and those wherein extraordinary circumstances existed making section 3224 inapplicable, as in Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822. See Graham v. Du Pont, 262 U. S. 234, 257, 43 S. Ct. 567, 67 L. Ed. 965. The instant case is not

such an one as would constitute such an exception. The question presented, then, is whether section 604 of the 1928 Revenue Act should be given the same effect in its field as section 3224, Rev. St., had heretofore been given in its.

It is true that in determining the liability "at law or in equity" of a transferee of a taxpayer, the taxing authorities exercise a power not exercised in determining and collecting a tax from a taxpayer. The determination of the taxing authorities, however, is not final, nor is it made so by the section in question. It is intended thereby to insure the government a continuance and uninterrupted revenue, leaving to the transferee the duty to pay and then sue to recover. It must be borne in mind that while the liability of a transferee may not be a tax liability in the ordinary sense, nevertheless it is a liability for a tax; in other words, the government is seeking to collect what is primarily a tax and continues to be a tax although, because of the inability to collect from the taxpayer proper, it seeks to require his transferee to pay. From the standpoint of the government the money sought in this case is as much an item of revenue as it would be were the proceedings to collect directed toward the Stoughton Lumber Association. Hence from its standpoint the same necessity exists for the collection of tax liabilities resting upon transferees as exists in the case of taxpayers. As restated in Graham v. Du Pont, 262 U. S. 234, at page 255, 43 S. Ct. 567, 569 (67 L. Ed. 965): "The system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures not judicial, to collect them, with appeals to specified tribunals and suits to recover back moneys illegally exacted, was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declares by section 3224 that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject-matter in question, have made the assessment and claim that it is valid."

In this view, it seems that section 604 may and should be given effect according to its terms in the same manner as has section 3224, as a part of the "system of corrective justice, intended to be complete," placing the transferee in the same category as a taxpayer in so far as he is required to first pay the tax liability and thereafter seek recovery back.

The motion to dismiss will be granted.