## FRENCH MORTGAGE & BOND CO. v. WOODWORTH, Collector of Internal Revenue.

### No. 3422.

District Court, E. D. Michigan, S. D.
March 7, 1930.

Beaumont, Smith & Harris and Archibald Broomfield, all of Detroit, Mich., for plaintiff.

John R. Watkins, U. S. Atty., and Charles B. W. Aldrich, Asst. U. S. Atty., both of Detroit, Mich. (C. M. Charest, Gen Counsel, Bureau of Internal Revenue, and L. A. Norman, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

SIMONS, District Judge.

This is a motion to dismiss the bill of complaint on the ground that the injunctive relief sought is prohibited by section 3224 of the Revised Statutes (26 USCA § 154), which provides: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The bill alleges that the defendant demands payment and seeks by distraint to collect against the plaintiff a burden assessed against it for the year 1923 under section 220 of the Revenue Act of 1921 (42 Stat. 247), a burden assessed for the year 1924 under section 220 of the Revenue Act of 1924 (26 USCA § 961 note), and a burden assessed against it for the year 1925 under section 220 of the Revenue Act of 1926 (26 USCA § 961 note). The plaintiff contends that none of these burdens are for taxes, nor interest on taxes, nor for ad valorem penalties in respect to or as additional taxes. Section 220 of the respective Revenue Acts represents the effort of the Congress to prevent the avoidance of surtaxes by stockholders in corporations formed for, or availed of, for that apparent purpose. Whether the burden imposed by section 220 constitutes a tax, or whether it is a penalty designed to prevent the doing of something over which Congress has no control, and whether the act is constitutional or not, is not within the scope of this inquiry. The plaintiff contends that it is entitled to injunctive relief despite section 3224 (26 USCA § 154) on two main grounds: (1) That the burden is a penalty rather than

a tax; (2) that, if the liability created by section 220 is a tax, there are present circumstances so unusual and extraordinary as to justify the court in granting equitable relief.

To the claim that injunction should be granted because the liability is a penalty and not a tax, or if a tax is punitive in its nature, the case of Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816, read in connection with Bailey v. Drexel Furniture Co. (Child Labor Tax Case) 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432, furnishes a complete answer. Everything that is here said as to the penal character, the unlawful purpose, the unconstitutionality, of the burden sought to be imposed by section 220, was there found to be true in respect to the so-called child labor tax, and yet the Supreme Court held that it was precluded from sustaining the issue of an injunction by section 3224, supra. In the light of these cases, this court might well have been spared the hundred and fifty pages of argument and citation tending to show that the burden of section 220 is not a tax.

It has not been very easy to follow the plaintiff's several contentions relative to the unusual and exceptional circumstances claimed to be here present to sustain the granting of the injunctive relief prayed for. In so far as it is intimated that the avoiding of multiplicity of suits and the removing of cloud from plaintiff's title are grounds for enlisting the aid of a court of equity, the rule of Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557, must control. Many of the other alleged exceptional circumstances claimed to be here present and to warrant equitable relief are shown to be without merit in C. F. Routzahn v. Henry R. Tyroler, 36 F.(2d) 208, decided by the Sixth Circuit Court of Appeals since the argument on the instant motion. Certainly this is true of the claim that the statute does not give a right to judicial review of an administrative order before the order can be enforced, and of the contention that it violates the due process clause of the Constitution. That case also answers the contention that, where an act imposes an unconstitutional liability, and forbids all judicial review except in one way, one who appeals for review in the way provided thereby estops himself to deny the validity of the imposition. Similarly, it disposes of the contention that section 3224 (26 USCA § 154) may be ignored in equity on the ground that power given to an administrative officer or board by the challenged sec-

tion is one not normally incidental to the taxing power. With respect to the contention that sections 220 of the respective statutes were repealed by later enactments, I can see no distinction between setting up invalidity on constitutional grounds as an excuse for avoiding section 3224 and setting up invalidity on any other ground. If section 3224 ties the hands of the court in the one case, it does in the other.

In view of the conclusions arrived at, the motion to dismiss will be granted, and an order may be entered in accordance with this opinion.