## NAN v. RASMUSSON, Collector of Internal Revenue.

### No. 1418.

District Court, D. of Montana.

Oct. 5, 1932.

Stewart & Brown, of Helena, Mont., for plaintiff.

W. D. Rankin, U. S. Atty., and A. P. Acher, Asst. U. S. Atty., both of Helena, Mont., for defendant.

BOURQUIN, District Judge.

In this suit to restrain collection of income taxes, the circumstances upon which plaintiff relies to invoke the rule of Hill v. Wallace, 259 U. S. 44, 62, 42 S. Ct. 453, 66 L. Ed. 822, are that from his home federal narcotic officers armed with search warrant took possession of his bank books and statements, disclosed them to defendant, who thereupon examined the records of the banks, ascertained plaintiff's deposits, procured the taxes to be assessed, and threatens to collect them.

His contention is that the seizure of the books, if not inquiry at the banks, is in contravention of the Fourth Amendment; and that this unlawful seizure, the inspiration for inquiry at the banks, imparts like unlawful character to the latter, to the information thus obtained, and to the taxes in consequence assessed. Whether or not the books and statements were described in the unknown variety of warrant, or were any part of whatever revenue fraud or other offense inspired the warrant, does not appear save that the negative seems assumed.

Although, as Wigmore points out in his Evidence, the Fourth Amendment by judicial legislation has been amended and perverted to the protection of crime, to the encouragement and promotion of criminal racketeering, until no longer the mere intended shield for the innocent, it has become an aggressive sword in the criminal's hand, his armor of proof, Big Bertha, and his tank, it is believed the instant case is not within the amendment's present application.

The proceedings sought to be enjoined are not criminal, but civil in executive collection of taxes. Certainly therein any agent's tort in discovery of the subject of the taxes does not annul plaintiff's obligation to pay, imposes no liability on government, inflicts upon it no penalty, whatever its effect in any criminal proceedings.

The statute forbids any suit to enjoin collection of taxes, save, says the Supreme Court, in the case cited, in "extraordinary and exceptional circumstances." The mere fact that prior to assessment was violation of the Fourth Amendment is no more such circumstances than was the fact in Bailey's Case, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816, that the tax itself was unconstitutional.

Obviously, since an unconstitutional tax, the principal thing, does not invoke the rule of Hill v. Wallace, supra, any unconstitutional acts, incidental things to assess a tax,

do not. Plaintiff's remedy is to pursue the methods by the revenue statutes prescribed, following which, if necessary, he has adequate remedy at law, if to any he is entitled.

The defendant's motion to dismiss is granted.