## CENTRAL FARMERS' TRUST CO. v. LARSON, Collector of Internal Revenue.

### No. 133–M.

District Court, S. D. Florida.
March 20, 1934.

Houser & Wood, of West Palm Beach, Fla., for plaintiff.

John W. Holland, U. S. Dist. Atty., of Jacksonville, Fla., and Raymond F. Brown, Sp. Asst. to Atty. Gen., for defendant.

RITTER, District Judge.

W. H. De Camara made his life insurance policy payable to his estate. By will he disposed of his estate, including the proceeds of the life insurance policy. The will, copy of which is attached to the bill, provides as the second item: "All my just debts and obligations of every character must be paid in full at the earliest possible date."

Thereafter, in the fourth item of the will, he creates a trust of the balance remaining in favor of his wife, "in the entire balance of my estate, both real and personal."

The Central Farmers' Trust Company was made administrator c. t. a. of the estate on the 21st day of October, 1931. Thereafter, on the 31st day of January, 1933, a trust agreement, purporting to carry out the terms of the will, was made, making the Central Farmers' Trust Company, trustee.

The income tax is a debt against the estate. It was a debt at the time that the Central Farmers' Trust Company was made administrator aforesaid, and the later trust agreement cannot interfere therewith or create any rights superior to the United States in reference to this income tax. The trust was subordinate to this claim and the controversy is between the administrator c. t. a. and the collector, if any exists.

An injunction will not be issued against the collector in causes of this kind. Remedies at law are provided by the statutes. Section 3224 of the Revised Statutes (26 USCA § 154); Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Pacific Steam Whaling Co. v. U. S., 187 U. S. 447, 23 S. Ct. 154, 47 L. Ed. 253.

This court is without jurisdiction to grant an injunction or to proceed further with this case.