### HENRIETTA MILLS v. HOEY, and three other cases.*

District Court, S. D. New York.

Sept. 5, 1935.

*Decree reversed 80 F.(2d) 1011.

Sullivan & Cromwell, of New York City (David W. Peck and Francis H. Baldy, both of New York City, and John F. Dooling, Jr., of Brooklyn, N. Y., of counsel), for complainants.

F. W. H. Adams, U. S. Dist. Atty., of New York City (Edward J. Ennis and William F. Young, both of New York City, of counsel), for defendants.

PATTERSON, District Judge.

These are suits by processors of cotton to enjoin the collector from forcing payment of the processing tax. The plaintiffs move for preliminary injunction; the collector moves for dismissal of the suits on the ground that no cause of action is stated.

The bills are substantially the same. It is alleged that the Agricultural Adjustment Act (7 USCA § 601 et seq.) under which the tax is assessed violates the Constitution in several respects; that the plaintiffs have no adequate remedy at law by way of suit to recover the tax after payment, because section 21 (d) (1) of the act, 7 USCA § 623 (d) (1), an amendment effective August 24, 1935, makes refund conditional on the taxpayer proving that he has not passed on the tax to his customers. It is also alleged that customers are insisting that the plaintiffs refuse to pay the tax and are threatening to deduct the tax from their bills; that competitors have obtained injunctions from the District Court in other districts, thereby obtaining a trade advantage over the plaintiffs. An injunction is prayed for, also declaratory judgment adjudging the statute void and unconstitutional.

I am of opinion that a case for preliminary injunction has not been shown. I say nothing on the constitutionality of the Agricultural Adjustment Act, under which the tax is imposed. If it is unconstitutional, as the plaintiffs say it is, it is still true that relief by way of injunction against the collector is not a remedy open to those against whom the tax is assessed. It is for them to pay the tax and take proceedings to recover what they have paid, in which proceedings the taxpayers may take issue with the government as to the constitutionality of the statute imposing the tax.

Section 3224, Revised Statutes (26 USCA § 154), is short and emphatic: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." This section goes back to the Act of March 2, 1867, and the policy in support of it has been discussed many times by the Supreme Court. Government is dependent on the power to collect taxes rigidly and summarily. The derangement of the taxing power through judicial interference might imperil the operations and the very existence of government. See Dows v. Chicago, 11 Wall. 108, 110, 20 L. Ed. 65; Cheatham v. United States, 92 U. S. 85, 88, 89, 23 L. Ed. 561; State Railroad Tax Cases, 92 U. S. 575, 613, 23 L. Ed. 663. In case after case the broad sweep of the statutory prohibition has been laid down. Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965. The fact that a taxing act may be unconstitutional does not furnish an exception to the rule that a taxpayer may not be given injunctive relief against being forced to pay a tax. Dodge v. Osborn, supra; Bailey v. George, supra. The present suits come under the ban of section 3224.

It is true that the Supreme Court in two cases has given practical recognition to an exception. Section 3224 has been described as no more than declaratory of pre-existing law, and there are cases of extraordinary and most exceptional circumstances that are not governed by it. Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822; Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422. But the cases where injunction against collection of taxes by the national government may issue are rare; otherwise, the terms of the act and the policy behind it will be set at nought, and the evil that Congress took steps to prevent will flourish. In Miller v. Standard Nut Margarine Co., supra, the situation was truly unusual. Products similar to that manufactured by the plaintiff had repeatedly been held nontaxable by the courts in cases where the government had not seen fit to take an appeal. The government had announced the same ruling in departmental statements and had advised the plaintiff directly that its product was not taxable. After all this the collector sought to compel payment of the tax on all products theretofore manufactured by the plaintiff, to the latter's hopeless ruin. The Supreme Court, two dissenting, held that the case was one of "extraordinary and exceptional

circumstances," and that section 3224 was not a bar to a suit to restrain the collector from action termed "arbitrary and capricious."

The present cases are not comparable to the Standard Nut Margarine Co. Case. The plaintiffs urge that if they pay the tax they will be impeded in proceedings to recover the amount paid; that in such proceedings, in addition to proving the invalidity of the tax, they must carry the burden (under the amendment effective August 24, 1935, 7 USCA § 623 (d) (1) of proving that they have not passed on the tax to their vendees, a burden, it is said, impossible of proof. But such a requirement is not a new thing. The Revenue Act of 1928 (section 424 (a) of the act, 26 USCA § 2424), imposing a tax on automobile accessories, contained a provision relative to refunds quite similar in effect; the taxpayer was required either to show that he had not passed the tax on to his customers or to give bond to repay to the United States such part of the amount refunded as was not distributed to his customers. And the provision requiring the taxpayer to show that he had borne the ultimate burden of the tax was held valid and not unduly onerous on the taxpayer. United States v. Jefferson Electric Mfg. Co., 291 U. S. 386, 54 S. Ct. 443, 449, 78 L. Ed. 859. I cannot assent to the proposition that even where the tax has not been passed on by the processor to his customers, proof of that fact is an impossible task. Under the automobile accessories tax, taxpayers have sustained a similar burden and recovered taxes paid. The Supreme Court said in the Jefferson Electric Mfg. Co. Case: "If the taxpayer has borne the burden of the tax, he readily can show it." It cannot be said then that the remedy at law by way of proceedings to recover payment of tax is not complete or adequate. The assumption must be made that the provisions of section 21 (d) (1) will be administered fairly.

The pressure put on the plaintiffs by their customers, as well as that from their competitors who have obtained injunctions, while doubtless a hardship on them, does not take the case out of the operation of the act prohibiting suits to restrain taxes. If it did, the resentment of a considerable body of persons against a tax might suffice to disrupt any taxing program. In respect to pressure by customers and competitors the case is not substantially different from Fisher Flouring Mills Co. v. Vierhus, 78 F.(2d) 889, in which the Circuit Court of Appeals for the Ninth Circuit denied application for temporary injunction pending appeal. The fact is that the plaintiffs have paid the tax without protest for more than a year. Only recently have they resisted. The resistance is doubtless due to two factors: First, a feeling on their part since the decision of the Supreme Court in A. L. A. Schechter Poultry Corporation v. United States, 55 S. Ct. 837, 79 L. Ed. 1570, 97 A. L. R. 947, that the statute imposing the tax is unconstitutional; and, second, the pendency of a bill in Congress that would have cut off altogether the right to obtain refund of the tax after payment. As already observed, the alleged invalidity of the Agricultural Adjustment Act is not a ground for injunction, and the measure that caused anxiety by purporting to take away all redress at law to recover processing taxes failed of final passage and is now extinct.

There is now current a diversity of opinion as to the power of the courts to entertain suits to restrain collection of the processing tax. In some districts preliminary injunctions have been granted; in others, refused. My conclusion is in line with that of Judge Hulbert in this district, in Cohen v. Durning (D. C.) 11 F. Supp. 824, decided August 16, 1935, although that case differs from these in that the amendment relative to recovery of processing taxes paid had not then taken effect.

■ The bills also ask for declaratory judgment that the Agricultural Adjustment Act is unconstitutional. By section 405 of the Revenue Act of 1935 (28 USCA § 400 [amending Jud. Code § 274d]), which became law on August 30, 1935, the remedy of declaratory judgment has been withdrawn as to controversies relative to federal taxes, not only as to suits thereafter brought but as to suits then pending. In both phases, injunction and declaratory judgment, therefore, the bills do not set forth causes of action.

It follows that the plaintiffs' motions for preliminary injunction must be denied. The collector's motions to dismiss the suits must be granted.