**C. F. SIMONIN'S SONS, Inc., v. ROTHENSIES.**

**No. 9281.**

District Court, E. D. Pennsylvania.
Feb. 20, 1936.

George V. Strong and Joseph A. Lamorelle, of Saul, Ewing, Remick & Saul, both of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., and Paul McMahon, Asst. to Atty. Gen., for defendant.

KIRKPATRICK, District Judge.

The plaintiff filed its bill in equity, praying for an injunction to restrain the collector of internal revenue from proceeding to collect from the plaintiff a tax imposed by section 602½ (a) of the Revenue Act of 1934 (26 U.S.C.A. § 999 (a) upon, first, domestic processing of coconut oil. The bill also prayed for a declaration that the tax is unconstitutional.

The statute imposes an excise tax of 3 cents a pound to be paid by the processor upon the processing of coconut oil, sesame oil, palm oil, palm kernel oil, and sunflower oil, and an additional tax of 2 cents a pound upon the processing of all coconut oil other than such as is wholly the product of the Philippine Islands. It further provides that the 3-cent tax collected under it with respect to Philippine coconut oil shall be held as a separate fund and paid to the treasury of the Philippine Islands, provided, however, that, if the Philippine government should subsidize its producers of coconut oil, payments to the Philippine treasury shall cease.

The matter came before the court upon a motion for a preliminary injunction, and, in order to have time for full consideration, I granted a temporary restraining order upon condition that the tax now due be paid into the registry of the court, and this restraining order has been once renewed.

The motion for a preliminary injunction will be denied and the restraining order vacated, on the ground that section 3224 of the Revised Statutes (26 U.S.C.A. § 1543) prohibits the maintenance of the suit and takes away power of the court to grant the relief sought. I shall note very briefly my reasons for coming to this conclusion.

It is true that in certain cases involving unusual and extraordinary conditions it has been held that section 3224 does not apply, and injunctive relief has been accorded. Thus an exception or proviso has been judicially written into the statute. The question involved is as to the extent of that exception and whether it covers the case at hand. It should almost go without saying that, in view of the plain and explicit words of the law, this court should not assume to extend the field thus excepted beyond the boundaries charted by the decisions of the Supreme Court.

Typical decisions, which have been frequently cited, and which, I believe, have been at times carried by the lower courts far beyond their true intendment, are Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822, and Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S. Ct. 260, 76 L.Ed. 422. The facts of these cases are so well known that they need not be detailed. It is plain that they have little or no bearing on the case now before the court. In the former, withholding the remedy meant that there would have to be either an almost infinite multiplicity of suits to recover the tax or the complete paralysis of the widespread and vitally important business of the Chicago Board of Trade with its sixteen hundred members and its vast commercial interests. In the latter, the collector was attempting to collect a tax upon an article which was plainly not taxable at all by the statute under which he was assuming to act—a fact

which the Commissioner had so determined.

The most that the plaintiff can find to support him in these decisions and others of a generally similar character is that exceptions to the operation of section 3224 have been recognized in spite of its plain language.

In Bailey v. George, 259 U.S. 16, 42 S. Ct. 419, 66 L.Ed. 816, the court held that an averment that the taxing statute is unconstitutional does not take the case out of the statute in the absence of extraordinary and exceptional circumstances. This decision has not been overruled either expressly or impliedly.

There remains to be considered the recent decision of the Supreme Court in Rickert Rice Mills, Inc., v. Fontenot (referred to as the Rice Millers' Case), 56 S. Ct. 374, 80 L.Ed. ——, decided January 13, 1936, in which the cause was remanded to the District Court for the entry of a decree enjoining the collection of the alleged processing tax imposed by the Agricultural Adjustment Act of 1933, as amended (7 U.S.C.A. § 601 et seq.). The basis of that decision is plain. It is that what was called a tax in the statute was never intended to be and was not in fact a tax at all but, merely an instrument or weapon for effectuating the regulation of agricultural production, a matter not within the powers of Congress. This is far from holding that the collection of an unconstitutional tax may be enjoined, and does not touch the decision in Bailey v. George.

The plaintiff argues in the case at hand that the Rice Millers' Case should rule because the coconut oil tax is a part of the general scheme of the Agricultural Adjustment Act. This is, however, pure speculation, and I find no substance to support it. The sum of the remaining contentions made by the plaintiff in an endeavor to bring his case within the Rice Millers' decision is that the act is unconstitutional, first, because the act transcends article 1, section 8, of the Constitution, the tax not being laid for the purpose of paying the debts or for providing for the common defense or general welfare (the argument is that the money raised by the tax does not go into the general funds of the United States, but is held intact and ultimately paid to the Philippine treasury; the Philippine Islands being either an independent government or, if not, a single limited possession of the United States) ; second, that the tax lacks uniformity.

It is unnecessary to decide the constitutional questions raised at this stage of the proceeding. If resolved in favor of the plaintiff, it would simply mean that the tax was unconstitutional because beyond the power of Congress. It would not mean that the levy imposed was not a tax. To reach that conclusion, under the Rice Millers' Case, it would have to appear affirmatively that it was something else, an instrument for the accomplishment of some well-defined and clearly disclosed purpose forbidden to Congress and having no connection whatever with the revenue raising function. I am clearly of the opinion that the principle of the Rice Millers' Case does not apply.

An examination of the bill and affidavits fails to disclose exceptional or extraordinary circumstances which would justify the issuance of an injunction in the face of the statutory prohibition. The amount of tax due is $12,390. Presumably monthly installments of approximately that amount will accrue in the future. The suggestions of multiplicity of suits to recover the tax and of the possibility that Congress may enact legislation forbidding or limiting claims for refund are hardly worth considering. The same may be said of the statement in one of the affidavits that in another judicial district an injunction has been issued, which fact puts the plaintiff at a disadvantage with the competitor thus protected.

The affidavit also alleges that the tax has so increased the cost of producing coconut butter, but which was a substantial part of the plaintiff's business, that it can no longer be sold in competition with cocoa butter, and that the plaintiff's business has been thereby injured. There is also an allegation that consumers have increasingly turned to other products made from other competitive materials, such as cottonseed oil. Another statement is that many of the plaintiff's customers have objected to paying the tax when the plaintiff attempted to pass it on to them by including it in the price of the articles sold them and that the plaintiff is threatened with the loss of their business.

These and similar allegations fall very far short of a showing of the exceptional circumstances which have been recognized as a proper cause for the exercise of injunctive relief. They amount in all to a

complaint that the tax is oppressive and burdensome, difficult to pass on, and likely to divert business profits to those who deal in competing articles. I have no doubt that most excise taxes have been met by arguments of this nature from reluctant and frequently injured taxpayers. They are, however, considerations which apply to all those upon whom the tax falls. They have to do with the wisdom of the tax, and involve the question of its economic justification. They are properly addressed to the Congress and not the courts.

The motion for preliminary injunction is denied, and the restraining order vacated.