JACOBY et al. v. HOEY, Collector of Internal Revenue for the Second District of New York.*

No. 158.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

Lewis Landes, of New York City (Lewis Landes, of New York City, and J. Bruce Kremer, of Washington, D. C., of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of New York City, of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

*Writ of certiorari denied 57 S. Ct. 315, 81 L. Ed. —.

MANTON, Circuit Judge.

The appellant applied for an order enjoining the appellee from in any manner enforcing, or attempting to enforce or causing to be enforced, the collection of an assessment of an alcohol beverage tax and from in any manner seizing or attempting to seize, or causing to be seized, its property on account of the purchase, sale, or distribution of denatured alcohol. After a hearing upon complaint and affidavits, an injunction pendente lite was denied.

Appellant is engaged in selling a product called "alcohol rub," a specially prepared denatured alcohol which it purchases, prepared and bottled, from a manufacturer, in 6 and 16 ounce bottles. It has never been engaged in manufacturing, preparing, or selling alcohol suitable for beverage purposes. It purchased 1,050 gross bottles from a manufacturer during the year 1935. These were sold with no record of the addresses of the customers who bought them. During the year 1935, its entire business amounted to $700,000, of which 2 per cent. consisted of rubbing alcohol.

It was lawful for the appellant to sell the finished product in bottles to persons coming into its place of business or who ordered it. The appellant was not a permittee and no regulations have been issued affecting its method of distributing its products.

The Commissioner imposed a tax of $2 per proof gallon on 24,192 proof gallons of distilled alcohol amounting to $48,384.

Appellant, contending it had no remedy at law, sues to prevent irreparable damage by restraining appellee from enforcing this tax or attempting its collection or seizing its property. On its face, the assessment was a valid levy of a tax in accordance with the prescribed rates of tax fixed upon distilled spirits provided for in the Federal Taxing Act of 1934, 48 Stat. 313, 26 U.S.C. § 1150 (a) (1) (26 U.S.C.A. § 1150 (a) (1). Section 1150 provides: "Section 1150. Tax (a) Rate—(1) Distilled spirits generally. On and after January 12, 1934, there shall be levied and collected on all distilled spirits produced in or imported into the United States an internal revenue tax at the rate of $2.00 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn from bond."

And title 1, § 4, of the Liquor Law Repeal and Enforcement Act of 1935 (27 U.S.C.A. § 153) provides: "Sec. 4. Any person who shall produce, withdraw, sell, transport, or use denatured alcohol, denatured rum, or articles in violation of laws or regulations now or hereafter in force pertaining thereto, and all such denatured alcohol, denatured rum, or articles shall be subject to all provisions of law pertaining to alcohol that is not denatured, including those requiring the payment of tax thereon; and the person so producing, withdrawing, selling, transporting, or using the denatured alcohol, denatured rum, or articles shall be required to pay such tax."

If it be a tax, the relief demanded—an injunction restraining the collector temporarily and permanently from enforcing or attempting to enforce in any manner the collection of the tax assessed by the Commissioner of Internal Revenue—is forbidden by statute. Rev.Stat. § 3224, title 26 U.S.C. § 1543 (26 U.S.C.A. § 1543). The complaint admits that the appellant purchased 1,050 gross bottles of rubbing alcohol and that it sold these within the period of June 5, 1935, and November 15, 1935, but alleges that the tax imposed is a penalty. It is denied in the complaint that there were any revenue laws or regulations applicable to appellant's business at the time of its dealings in this alcohol. And it is urged that there is no provision of law for the assessment of a tax on denatured alcohol.

The appellant was dealing with a commodity which would remain tax free only so long as it was used as prescribed by law. The statutes quoted, however, are applicable to persons dealing with denatured alcohol and form the basis for converting the nontaxable status of the user of the alcohol into a taxable status upon violation thereof. It is illegal to divert denatured alcohol. 26 U.S.C. § 1322 (26 U.S.C.A. § 1322). It is illegal to have in one's possession an article subject to a tax for the purpose of selling the same in fraud of the internal revenue laws or with a design to evade taxes imposed thereon. 26 U.S.C. §§ 1440, 1441 (26 U.S.C.A. §§ 1440, 1441). At any time upon evidence, the Commissioner may conclude that there has been a violation of any of these provisions of law and he may impose a tax under title 1, § 4, of the Liquor Repeal and Enforcement Act

(27 U.S.C.A. § 153). The Commissioner is therein empowered to determine the taxable status of persons handling denatured alcohol. His right to do so may not be restrained by a suit to enjoin the collection of the tax so assessed, provided that he does not act arbitrarily or capriciously. Whether or not a tax is rightfully due from the appellant may be determined only in a suit for a refund. Congress has denied the courts the judicial power to restrain the collection of taxes, but gives to the taxpayer recourse to the courts to recover unjust exactions. Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901.

Here the Commissioner has concluded that the appellant is subject to the payment of a tax on distilled spirits. The evidence upon which the Commissioner reached this conclusion is not before us. The evidence in this record, upon which he acted, goes to the merits of the assessment and in a proper suit for a refund the validity of the tax can be ascertained. Since the Commissioner was acting within the discretion allowed him by law, the determination of the facts upon which he relied, whether or not his conclusion that there was a diversion of denatured alcohol was erroneous, is a question which must be determined on the trial in a refund suit.

In Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, the court held section 3224 of the Revised Statutes (26 U.S.C.A. § 1543), forbidding suits to restrain assessments or collection of a tax, inapplicable in the case of a penalty and held that a person affected by such penalty was entitled to injunctive relief. The court pointed out that the impositions under the act there considered were clearly designed to punish an infraction of the law which is the precise function of a penalty. See, also, United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551.

Here the amount assessed is identical with the amount payable by a producer. The appellant, as a diverter, has been given the same status as a producer. It has therefore become subject to a tax, not a penalty, and the enforcement and collection may not be restrained. Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Cadwalader v. Sturgess, 297 F. 73 (C.C.A.3).

Order affirmed.