**120**

District Court, M. D. North Carolina.
Salisbury Division.

Nov. 10, 1936.

Walter H. Woodson, of Salisbury, N. C. (Ivins, Phillips, Graves & Barker, of Washington, D. C., of counsel), for plaintiff.

Carlisle W. Higgins, U. S. Atty., of Winston-Salem, N. C. (Robert H. Jackson, Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., of counsel), for respondent.

HAYES, District Judge.

This is a suit in equity to restrain the collector from requiring the complainant to file an income tax return and from assessing and collecting a tax imposed by title 3 of the Revenue Act of 1936 (sections 501–506 [26 U.S.C.A. §§ 345–345e]), designated by the statute as "Tax on Unjust Enrichment," and for judgment declaring the statute unconstitutional under the Federal Declaratory Judgment Act, as amended (28 U.S.C.A. § 400).

An order to show cause was issued why an injunction should not issue and restrain the defendant from requiring the filing of the tax returns by the complainant. The defendant answered the order to show cause and filed a motion to dismiss the bill of complaint on the grounds that this court is deprived of jurisdiction by section 3224 of the Revised Statutes (26 U.S.C.A. § 1543); that the bill of complaint failed to allege facts sufficient to entitle it to equitable relief; that it appears that the plaintiff has a plain and adequate and complete remedy at law; and that this court has no jurisdiction of a suit for a declaratory judgment. This suit involves a novel proposition. It is to be observed that at the filing of the bill the complainant did not file a tax return and the period for filing the return had not expired. It does not sufficiently appear whether the taxpayer will be liable for any tax if and when the return is filed. This court is therefore confronted with the question of passing on the constitutionality of the act in behalf of a taxpayer who may not be liable to a tax at all and would give this taxpayer the benefit of an opportunity to challenge the constitutionality of a law when he may not have any interest involved. The complainant, anticipating his inability to get along in such circumstances, alleges that he will be compelled to elect between one of two methods available for the ascertainment of the amount of tax for which he might be liable. And that this election on his part might be detrimental if he should make an unwise election and therefore he asks a court of equity to appoint auditors and examine the complainant's books and records and determine as a matter of law which method of bookkeeping should be recognized for the purpose of supporting the tax return to be filed.

The complainant is engaged in operating a packing house and during the period while the triple A was in force incurred certain processing taxes, some of which were paid into a depository desig-

nated by this court. From April 1, 1935, until the termination of the Agricultural Adjustment Act (7 U.S.C.A. § 601 et seq.) by the decision of the Supreme Court in United States v. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, the complainant paid into the depository of the court $32,523.78.

The plaintiff wants this court now to hold the act of 1936 unconstitutional, and if it is unconstitutional to restrain the defendant from requiring the filing of the returns, for assessing or collecting the so-called windfall tax. And if the court does not hold the act unconstitutional, the complainant wants the court to appoint auditors to determine what sort of a tax return should be filed and what method of bookkeeping should be employed for the purpose of filing the returns.

Revised Statutes, § 3224 (6 U.S. C.A. § 1543), expressly provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. This statute has been construed in so many cases and so recently that it would seem unnecessary to cite any authority. It has been applied in Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; State Railroad Tax Cases, 92 U.S. 575, 23 L. Ed. 663, and recently in Red Star Yeast & Products Company v. La Budde, 83 F.(2d) 394 (C.C.A.7th Circuit), and Huston v. Iowa Soap Co. (C.C.A.8th Circuit) 85 F.(2d) 649, decided Sept. 8, 1936.

It is perfectly manifest from the allegations in the bill and the statutes involved the complainant has plain, adequate, and complete remedies at law to litigate without payment the validity of the statute and all questions of liability under it. In Bailey v. George, supra, the court pointed out that a system of corrective justice had been worked out and ample machinery established for the purpose of enabling a taxpayer to recover taxes illegally assessed or collected and that a court of equity should not interfere by means of an injunction with the collection of the tax which would hamper the government in the performance of its duties, but that the taxpayer should pursue his remedy at law. This principle so clearly stated in that case and followed so consistently by the courts since that date is not disturbed by the decision of the Supreme Court in Rickert Rice Mills, Inc., v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513. The court in that case expressly stated that it had no occasion to discuss or decide the question of the adequacy of the remedy at law. The taxes had not been paid and in view of the decision which is rendered the taxpayer was not required to pay the tax thereafter. And it was further stated that if the collector endeavored to do so, he would be a trespasser. Since two Circuits have had occasion to determine the applicability of section 3224 since the Rickert Mills Case and have decided that the section is still applicable, I see no reason why this court should not follow those decisions.

In the argument it is contended that exceptional circumstances exist here so as to bring in the application of the principle stated in Miller v. Standard Nut Margerine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. However, there are no allegations in the bill here which show the existence of any exceptional or extraordinary circumstances sufficient to bring the case under the head of equity jurisprudence. It fails to show that the complainant will suffer any irreparable injury. In effect, it alleges that complainant might make a mistake in the method he employs when he files his returns. It does not necessarily appear that the complainant will be required to pay any tax when he makes out his returns. It would be unprecedented for a court of equity to intervene in such a case, and if section 3224 (26 U.S.C.A. § 1543) is to apply in any case, it seems to me that it would be applicable here. "Any grievance which can be remedied by a suit at law, either before or after payment of taxes, will not justify a court of equity to interpose by injunction to stay collection of a tax." State Railroad Cases, 92 U.S. 575, 614, 23 L.Ed. 663.

Section 503 (a) of the Revenue Act of 1936, chapter 690, 49 Stat. 1738 (26 U.S. C.A. § 345b), makes all of the provisions of law with respect to income taxes applicable to this act. Therefore, if complainant files a return and is shown to be due a tax and pays it, he can sue for its recovery. Revised Statute, § 3226 (U.S.C.

122

title 26, §§ 1672–1673 [26 U.S.C.A. §§ 1672–1673]).

█ The bill does not show that the complainant is subject to tax under the act herein involved, nor does it show that if and when a return is filed by the complainant, that it will then be liable to a tax, and hence it does not show that the statute constitutes any threat of injury to complainant, Red Star Yeast & Products Co. v. La Budde (C.C.A.) 83 F.(2d) 394, 396, and since it does not appear affirmatively that the complainant will be adversely affected, it is not open to complainant to question the constitutionality of the act in this suit. That question should be considered only when the justification for some direct injury suffered or threatened presents a justiciable issue which is made to rest upon such an act. Massachusetts v. Mellon, 262 U.S. 447, 448, 43 S.Ct. 597, 598, 67 L.Ed. 1078. "It is only where rights, in themselves appropriate subjects of judicial cognizance, are being, or about to be, affected prejudicially by the application or enforcement of a statute that its validity may be called in question by a suitor and· determined by an exertion of the judicial power." Texas v. Interstate Commerce Commission, 258 U.S. 158, 162, 42 S.Ct. 261, 263, 66 L.Ed. 531; Liverpool, N. Y. & P. Steamship Co. v. Emigration Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899.

Section 405 of the Revenue Act of 1935, chapter 829, 49 Stat. 1027 (28 U.S.C.A. § 400), amends the Federal Judicial Judgments Act as follows: (a) Paragraph (1) of section 274d of the Judicial Code (Public) Number 343, 73rd Congress) is amended by adding after the words "actual controversies" the following: "(Except with respect to federal taxes)." This act was made applicable to any pending litigation. In Red Star Yeast & Products Co. v. La Budde, above, it is said, "It is unnecessary to consider the effect of the statute which permits a court to grant declaratory decrees, because the section, which authorizes suits for a declaratory decree (28 U.S.C.A. § 400), expressly excepts suits involving Federal taxes."

In view of the disposition which has been made of the points presented in this case, it is deemed unnecessary to discuss the question of the constitutionality of the act or the validity of the tax which might hereafter be levied against the complainant.