## BERNHARDT FURNITURE CO., Inc., v. ROBERTSON.

District Court, M. D. North Carolina, at Greensboro.

Feb. 8, 1937.

130

Pritchett & Strickland, of Lenoir, N. C., for plaintiff.

Carlisle W. Higgins, U. S. Dist. Atty., of Greensboro, N. C., for defendant.

HAYES, District Judge.

The complainant and fourteen others instituted fifteen suits in this court to enjoin the collector of internal revenue from enforcing the provisions of title 8 (sections 801–811) and 9 (sections 901–910) of the Federal Social Security Act (42 U.S.C.A. §§ 1001–1011, 1101–1110). The amount of taxes involved in these suits are as follows: $3,962.87, $602.33, $1,000, $541.58, $1,137.66, $1,765.95, $4,250, $2,-648.34, $4,000.65, $486.03, $530.46, $1,500, $913.70, $161.86, $1,385.62.

The bills allege the unconstitutionality in various aspects of the Social Security Act (42 U.S.C.A. § 301 et seq.), but they do not allege facts sufficient to show they will suffer irreparable injury and that they have no adequate remedy at law.

The defendant moves to dismiss for want of equity and under section 3224 of Revised Statutes (U.S.C., title 26, § 1543 [26 U.S.C.A. § 1543]).

In all litigation involving the legality of federal taxes, Congress has laid down a plain rule to be observed by the courts. The rule requires the payment of taxes first and litigation afterwards. R.S. § 3224 (26 U.S.C.A. § 1543) provides: "No suit for the purpose of restraining the assess-ment or collection of any tax shall be maintained in any court." This court followed this statute in an opinion filed in White Packing Co. v. Robertson (D.C.) decided November 10, 1936, 17 F.Supp. 120, in the "windfall" tax statute; and in Reynolds Tobacco Co. v. Robertson (D.C.) 14 F. Supp. 463, involving a tax on exports. Exceptions to the operation of this statute were found in Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061; Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822 (explained in Graham v. Du Pont, 262 U.S. 234, 257, 43 S.Ct. 567, 569, 67 L.Ed. 965), and Miller v. Nut Margarine Co., 284 U. S. 498, 52 S.Ct. 260, 76 L.Ed. 422. With the exceptions above stated, it is well settled that an injunction will not lie to prevent the assessment or collection of a federal tax, although they may be unconstitutional or illegal from some other ground. Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Graham v. Du Pont, supra, and Phillips v. Commissioner, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289. A system of corrective justice has been worked out by Congress which enables a taxpayer to sue for the recovery of illegal taxes paid, Graham v. Du Pont, supra, which is a plain, adequate, and complete remedy at law. The decision in Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513, properly construed, does not alter the above rules. White Packing Company v. Robertson, supra; Huston v. Iowa Soap Co. (C.C.A.8) 85 F.(2d) 649; Mellon v. Mertz, 65 App. D.C. 266, 82 F.(2d) 872; Red Star Yeast & Products Co. v. La Budde, 83 F.(2d) 394 (C.C.A.7). Moreover, 28 U.S.C.A. § 384 provided: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." Section 905(a) of the Federal Social Security Act (42 U.S.C.A. § 1105(a) provides that the taxes imposed by title 9 of the act "shall be collected by the Bureau of Internal Revenue under the direction of the Secretary of the Treasury and shall be paid into the Treasury of the United States as internal-revenue collections." Section 905(b), 42 U.S.C.A. § 1105(b) provides, "All provisions of law (including penalties) applicable in respect of the taxes imposed by section 600 of the Revenue Act of 1926 [sections 901 to 906 and 1120 of Title 26], shall, in so

far as not inconsistent with this title [sections 1101 to 1110 of this chapter], be applicable in respect of the tax imposed by this title [such sections]."

Section 807(a) and (c), 42 U.S.C.A. § 1007(a, c), relating to taxes under title 8 of the act, are to the same general effect. Thus the taxes under this act are treated in the same manner as other normal federal taxes and the provisions relating to the filing of claims for refunds and to suits to recover are made applicable. The taxpayers are given the same remedies accorded general taxpayers which remedies are plain, adequate, and complete in actions at law. For this reason equity jurisdiction is lacking. Dows v. City of Chicago, 11 Wall. 108, 20 L.Ed. 65; Shelton v. Platt, 139 U.S. 591, 11 S.Ct. 646, 35 L.Ed. 273; Allen v. Pullman's Palace Car Co., 139 U.S. 658, 11 S.Ct. 682, 35 L.Ed. 303; Pittsburg, etc., Ry. Co. v. Board of Public Works, 172 U.S. 32, 19 S.Ct. 90, 43 L.Ed. 354; Arkansas B. & L. Ass'n v. Madden, 175 U.S. 269, 274, 20 S.Ct. 119, 44 L.Ed. 159.

It is urged that plaintiff's remedy is doubtful because it "would be forced to rely upon the whims and caprices of Congress to appropriate funds for the payment of such judgment as it might be able to recover." But this is a contingency confronting every taxpayer, and if it afforded grounds of equitable relief the whole stream of federal revenue would be stopped by courts of equity. The position is plainly untenable. The government "is presumed to be always ready to pay what it owes." United States ex rel. McLeod v. Sherman, 98 U.S. 565, 568, 25 L.Ed. 235; Huston v. Iowa Soap Co., 85 F.(2d) 649 (C.C.A.8); Fisher Flouring Mills Co. v. Vierhus, 78 F.(2d) 889, 892 (C.C.A.9).

The complainant insists that the rules and decisions above have been abrogated in Railroad Retirement Board v. Alton Railroad Company, 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468. It is sufficient to say that this case did not involve federal taxes. R.S. § 3224 (26 U.S.C.A. § 1543) had no application. That case involved the power of Congress under the Commerce Clause (Const. art. 1, § 8, cl. 3) to enact the old Railroad Retirement Act (48 Stat. 1283). Under it no taxes were levied or collected by the officers engaged in the internal revenue department. Clearly it does not sustain plaintiff's position.