**Richard C. BROWN and Marie P. Brown, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–N–89–186 BRT.**

United States District Court, D. Nevada.

Aug. 13, 1990.

---

Kevin Mirch, Mirch & Trimmer, Reno, for plaintiffs.

Mark G. Fraase, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER GRANTING MOTION TO DISMISS

BRUCE R. THOMPSON, District Judge.

In this action plaintiffs Richard C. Brown and Marie Brown (taxpayers) were assessed income tax deficiencies for the calendar years 1977, 1978, 1979, 1980 and 1981 and real property owned by taxpayers at 3975 Lamay Lane, Reno, Nevada was levied upon and sold to satisfy the deficiencies. Plaintiffs sue the United States for wrongful levy and sale seeking damages and injunctive relief. Defendant has moved to dismiss asserting sovereign immunity. Taxpayers argue that sovereign immunity has been waived and rely on Title 26 U.S.C. §§ 7422, 7421(a), 7426(a), 7426(b)(1) and Title 28 U.S.C. §§ 2410 and 1340.

Historically, the remedy of a taxpayer wrongfully assessed has been payment of the tax followed by a rejected claim for refund and suit for refund. *Bailey v. George*, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816 (1922). The powers of the tax collector have been conscientiously fostered by the Congress. Actions to restrain the assessment or collection of taxes have long been abjured (26 U.S.C. § 7421). In instances the Congress has waived the government's immunity from suit. In the absence of such consent, it cannot be sued. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). If consent is given, the terms and conditions thereof must be strictly followed, nothing can be implied. Only express consent is recognized. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

In 1966, Congress decided to waive sovereign immunity in actions for wrongful levy (26 U.S.C. § 7426). It is difficult for this court to see why plaintiffs even cite this statute inasmuch as it expressly excepts "the person against whom is assessed the tax out of which the levy arose." These plaintiffs are expressly excepted from the consent to be sued.

(a) **Actions permitted.—**

(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a

civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

Section 7426(f) provides: "The provisions of section 7422(a) (relating to prohibition of suit prior to filing claim for refund) shall not apply to actions under this section."

**Section 7422(a) provides:**

(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

 Thus Congress made it abundantly clear that the historical remedy of payment and claim for refund procedure remained in effect with respect to suits against the United States by persons against whom the tax had been assessed.

 Plaintiffs also rely on 28 U.S.C. § 2410 as a consent to be sued. In this statute Congress waived sovereign immunity with respect to certain quiet title suits.

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

While the statute recognizes that an Internal Revenue Service lien may be an encumbrance against which the plaintiff's title may be quieted, it is not a consent to suit by a taxpayer for wrongful levy. Such actions are governed by 26 U.S.C. §§ 7422(a) and 7426 which deal specifically with that particular problem. We deem section 2410(a) to be a waiver of sovereign immunity to quiet title against liens and encumbrances of third parties. *Mulcahy v. United States*, 388 F.2d 300 (5th Cir.1968); *Falik v. United States*, 343 F.2d 38 (2d Cir.1965). It was never intended to override the carefully structured provisions of the Internal Revenue Code respecting taxpayers' rights and the powers of the tax collector. We do not view *United States v. Coson*, 286 F.2d 453 (9th Cir.1961) as authority to the contrary, although we of course recognize Ninth Circuit decisions as controlling precedent.

In *Coson* the court stated:

It will be noted that our decision here is based upon our holding that the Government's lien was irregular, insufficient and valueless from a procedural standpoint for failure to serve the statutory notice and demand in connection therewith and for failure to comply with required procedures.

In developing that conclusion many circumstances tend to show that not only were these required procedures not complied with *but that Coson was not a taxpayer and not liable for the tax to begin with. Whether that non-liability could also constitute the basis for a suit of this kind, or for relief under § 2410(a) of Title 28, we need not here decide.*

(Emphasis supplied).

The Second Circuit in *Falik, supra,* at p. 42, noted that *Coson* might have been decided on sustaining jurisdiction to question procedural irregularies on liens filed "against property of a person other than the one against whom the tax had been assessed." This is the appropriate scope of

the waiver of sovereign immunity in section 2410.

In consideration of the premises, inasmuch as the court lacks jurisdiction,

IT HEREBY IS ORDERED that the action entitled above is hereby dismissed.