**WAHPETON PROFESSIONAL SERVICES, P. C., a corporation, organized under the laws of the State of North Dakota; E. R. Wasemiller, M. E. Beltz, Glenn L. Wiltse, and Wendell H. Wall, Plaintiffs,**

v.

**F. G. KNISKERN, District Director of Internal Revenue, Fargo, North Dakota, Defendant.**

**Civ. No. 4320.**

United States District Court
D. North Dakota,
Southeastern Division.

Nov. 17, 1967.

Bayard Lewis, of Lewis & Bullis, Wahpeton, N. D., for plaintiffs.

John O. Garaas, U. S. Atty., Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

Plaintiffs, pursuant to § 2201, 28 U.S. C.A., seek a declaratory judgment determining whether the Wahpeton Professional Services, P. C.[1] is a legal corporation within the meaning of § 401(a), 26 U.S.C.A., and, if so determined, that the defendant, District Director of Internal Revenue, Fargo, North Dakota, be forever enjoined from denying the legal corporate existence of Wahpeton Professional Services, P. C. within the meaning of § 401(a).

The matter is before the Court on the defendant's motion to dismiss the action on the grounds that (1) "[t]he Court lacks jurisdiction over the subject matter because the complaint seeks a declaratory judgment as to taxes prohibited by 28 U.S.C. 2201;" (2) "[t]he Court lacks jurisdiction to grant the injunctive relief by reason of Section 7421(a), Internal Revenue Code of 1954 (26 U.S.C. 7421(a));" and (3) "[t]he plaintiffs have failed to state a claim upon which relief can be granted."

The facts, as revealed by the complaint, are that Wahpeton Professional Services, P. C. was incorporated by the individual plaintiffs under the laws of the State of North Dakota and that a certificate of incorporation was issued them on September 11, 1963. On September 12, 1963, the Corporation's Board of Directors adopted an employees' pension trust which was to become effective on September 17, 1963, and appointed Merchants National Bank and Trust Company of Fargo, North Dakota, trustee of the trust.

The plaintiffs then applied to the defendant as District Director of Internal Revenue for a determination of whether the trust was qualified under § 401(a) and therefore exempt from income tax under § 501(a) of the Internal Revenue Code.

On June 14, 1967, the defendant informed the Corporation, in part, that:

"The plan, as evidenced by the trust indenture and other relevant information submitted, has been considered, and it is our opinion that such plan does not meet the requirements of section 401(a) of the Code for the following reasons:

1. Non-compliance with section 401 (a) of the Code. Such section provides: 'A trust created or organized in the United States and forming a part of a stock bonus, pension or profit sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section.'

1. The individual plaintiffs are the incorporators of Wahpeton Professional Services, P. C.

2. Rev.Rul. 65–178, part 2(j) (1) provides in part: 'Except to the extent applicable to the participation of self-employed individuals after December 31, 1962, partners are not employees and therefore are not eligible to participate in a qualified plan.'

"Information available in this office indicates that your tax classification has been considered within the purview of section 301.7701–2(h) of the Income Tax Regulations, and has been determined to be that of a partnership rather than a corporation."

By letter of the same date, the Trustee was informed that:

"The above trust, forming a part of the pension plan for employees of the above-named company, was submitted to this office for determination whether it is a qualified trust under section 401(a), and exempt under section 501 (a) of the Internal Revenue Code.

"We have determined that the plan fails to meet the requirements of section 401(a) of the Code and that the trust is not entitled to exemption under section 501(a) for taxable years ending after December 31, 1964.

"Accordingly, income tax returns are required to be filed with the District Director of Internal Revenue in your district for each year ending after December 31, 1964 in which the trust realized taxable income in excess of the statutory exemption."

The complaint further alleges that the plaintiffs are in doubt concerning their past, present and future rights and liabilities with respect to their obligations to the Internal Revenue Service; that the corporation does not know whether the Trust is a legal Trust at all and therefore required to file income tax returns under any circumstances since the defendant has denied the legal entity of the plaintiff corporation; that the individual plaintiffs do not know whether they are indebted to the defendant for additional income taxes since December 31, 1964, and do not know wheth-er they should continue filing their taxes as employees of the corporation or whether they must file in the future as partners; and the controversy may continue indefinitely, leaving the plaintiffs in doubt for a long period of time and possibly causing the individual plaintiffs to incur additional liabilities by way of interest and penalties.

Section 2201, 28 U.S.C.A., provides that in a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

It is obvious from a reading of the complaint that the plaintiffs are seeking the very thing which § 2201 expressly excludes, that is a declaration of the rights and other legal relations of the parties in respect of Federal taxes.

■ Plaintiffs contend that because no assessment of any kind or nature for the taxable years after 1964 has been made by defendant, this action does not concern taxes but only a determination of the legal status of the plaintiffs within the meaning of § 401(a). This contention ignores the ultimate effect such a determination would have on whether the trust would or would not be exempt under § 501(a). This action is actually an attempt to obtain an advance determination of the tax status of the plaintiffs. This Court has no such authority.

In addition plaintiffs seek to have defendant enjoined from denying the legal corporate existence of Wahpeton Professional Services, P. C. within the meaning of § 401(a).

■ Section 7421(a), 26 U.S.C.A., provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. To enjoin the defendant as requested would, in effect, do precisely what the statute expressly forbids.

For yet another reason this action must be dismissed. Section 1331(a), 28 U.S.C.A., provides that the district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000.00). Nowhere in the complaint is there a showing of the requisite amount in controversy. Section 2201 adds nothing to the jurisdiction of federal courts. It merely provides a remedy for use in cases within their jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; United States v. Preston, 9 Cir., 352 F.2d 352.

Now, therefore, it is ordered that the motion of the defendant to dismiss this action be and the same is hereby granted, and the plaintiffs' complaint and cause of action must be and they are hereby dismissed.