**CRENSHAW COUNTY PRIVATE SCHOOL FOUNDATION, a non-profit educational corporation organized under the laws of the State of Alabama, doing business as Crenshaw Christian Academy, Plaintiff,**

v.

**John B. CONNALLY, Jr., Secretary of the Treasury of the United States and Johnnie M. Walters, Commissioner of Internal Revenue, Defendants.**

**Civ. A. No. 3613-N.**

United States District Court,
M. D. Alabama, N. D.

May 11, 1972.

Charles J. Kettler, Jr., Luverne, Ala., for plaintiff.

Ira DeMent, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., M. D. Ala., Montgomery, Ala., and Stanley F. Krysa, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## ORDER

JOHNSON, Chief Judge.

This cause is now submitted upon defendants' motion to dismiss. The motion rests upon three grounds: (1) that this Court has no authority to grant the injunctive relief sought, (2) that plaintiff has an adequate remedy at law, and (3) that this is a suit against the government to which it has not consented.

The first point raised is premised upon 26 U.S.C. Sec. 7421(a) which provides:

Tax.—Except as provided (in exceptional instances not relevant here) no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Collection is not a factor in this case. Consequently, the applicability of Sec. 7421(a) depends solely upon whether the administrative process which plaintiff seeks to have enjoined constitutes assessment.

■ The defendants properly point out that actions necessary to an assessment are part of that process for the purposes of Sec. 7421(a). For example, in Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961), the Fifth Circuit said:

Here the court has prevented the administrative investigation and determination necessary to the assessment of an additional tax, thus making impossible any legal determination by the Tax Court or the District Court whether available proof shows that a deficiency exists. All questions

touching on the weakness of the Director's case and the difficulty of proof will be before the courts for their review once the administrative function is completed. That is when the court may first come upon the scene; not before the investigation has been completed. 287 F.2d at 881.

Thus, the cases have held that administrative determinations and investigations made prior to the individual assessment are beyond the injunctive reach of the courts until after a deficiency has been found. *See* Koin v. Coyle, 402 F.2d 468 (7th Cir. 1968); Wahpeton Professional Services, P. C. v. Kriskerr, 275 F.Supp. 806 (D.N.D.1967).

The only case which presents any difficulty for the defendants' position is Green v. Connally, 330 F.Supp. 1150 (D. D.C.), aff'd sub nom., Coit v. Green, 404 U.S. 997, 92 S.Ct. 564, 30 L.Ed.2d 550 (1971).[1] The defendants admit that, although "the government steadfastly maintained (that) the court was without jurisdiction," the court decided the case on its merits.

The *Green* case is the inverse of the present litigation. There the plaintiffs were black taxpayers and minor children who sought to force the Internal Revenue Service to terminate the tax benefits of private schools in Mississippi with racially discriminatory admissions policies. These were the same benefits which plaintiff here seeks to retain. The plaintiffs in *Green* asked for a declaration that the granting of the tax exempt status and the advance assurance of deductibility to such schools is unconstitutional. The court not only agreed with plaintiffs but said:

In the context of this case we cannot limit the protection of plaintiffs' rights to a mere declaration of the proper construction of the Internal Revenue Code. Taking into account the conditions in Mississippi which

---

1. Plaintiff also relies upon Jones University v. Connally, 341 F.Supp. 277 (D.S.C. 1971) (appeal pending). As in the order previously entered in this case, denying a motion for a temporary restraining order, this Court will not follow that case.

have already led to denial of plaintiffs' rights in the past, we conclude that protection to which they are entitled includes effective "directives and procedures satisfactory to this Court that the school (receiving tax exemption and deductibility) is not part of a system of private schools operated on a racially segregated basis."

In other words, the court found that an affirmative injunction was also necessary and appropriate.

Although the government contends that it maintained throughout that the court was without jurisdiction, the opinion does not mention the applicability of Sec. 7421(a). Assuming that the argument was thus presented to the court, it apparently warranted no discussion. Evidently the agency conduct in that case was well beyond the perimeter of assessment. Thus, the question is narrowed into whether the present litigation is more analogous to *Green* or the cases upon which the defendants rely.

The defendants' cases can be categorized generally as concerned with the investigative and determinative phases of the assessment process. It is clear that an investigation is necessary before an assessment can be made. A determination that a particular situation exists is also crucial.

*Green,* on the other hand, involved a demand by plaintiffs that the Internal Revenue Service end certain exemptions for a class of institutions. The plaintiffs were not seeking to avoid their own tax liability but were motivated by a desire to vindicate basic civil rights. Plaintiffs sought to terminate the affirmative benefit to private, segregated schools. Thus, the question presented was a broad, constitutional challenge to administrative conduct and was brought in the form of a class action.

■ In the present case the defendants' effort to bring these affirmative benefits to an end is inextricably caught up in the administrative process of assessment of an individual taxpayer.

Plaintiff is making a concerted effort to retain its own tax advantages. Yet the Supreme Court has said that "the manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The more reasonable conclusion is that the administrative conduct here comes within the meaning of assessment in Sec. 7421(a).

■ Despite the apparently prohibitive language of Sec. 7421(a), there is a judicially created exception to the anti-injunction provision which will nevertheless permit a district court to act. In Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that a district court was without authority to issue an injunction concerning an assessment unless it could be shown that (1) the taxpayer would suffer irreparable injury and is without legal remedy and (2) "if it is clear that under no circumstances could the Government ultimately prevail." 370 U.S. at 7, 82 S.Ct. at 1129.

Plaintiff here has suffered some injury as a result of the withdrawal of the advance assurance of deductibility. Yet in the *Green* opinion, which granted a preliminary injunction for the black taxpayers and school children, the court made these remarks:

On the other hand, the United States Government, the schools which seek tax exempt status, and potential contributors will suffer no significant irreparable hardship if defendants are enjoined from issuing further rulings under Secs. 170(c) and 501(c).

\* \* \* \* \* \*

Some contributors may be deterred by the doubt which this litigation casts on the deductibility of their con-

tribution, but the schools are not entitled to have potential contributors kept ignorant of the fact that serious questions about the validity of these deductions have been raised. Green v. Kennedy, 309 F.Supp. 1127 at 1139.

Thus, whatever hardship the plaintiff is suffering or will suffer is not irreparable.

Additionally, the defendants' position in the case would seem destined to succeed on the merits. It cannot be said that "under no circumstances could the Government ultimately prevail." On the contrary, the affirmance of the *Green* case by the Supreme Court is persuasive authority that the withdrawal of tax exempt status to institutions such as plaintiff's is not only within the discretion of the Internal Revenue Service, but is constitutionally necessary. Accordingly, this litigation does not present a situation which would warrant the invocation of the judicial exception to Sec. 7421(a) and the motion to dismiss is due to be granted upon this ground.

As a second basis for the motion to dismiss, the defendants argue that plaintiff has an adequate remedy at law; thus, the equitable form of relief sought is inappropriate. The legal remedy is said to be that available to all taxpayers when a deficiency is determined to exist: that is, seek a refund after payment of the deficiency.

Necessary to this view is the assumption that plaintiff is suffering no irreparable injury in having lost the advance assurance during the litigation. Inasmuch as this Court agrees with the conclusion reached in *Green* that such loss is not a significant, irreparable hardship, the defendants' argument rests on a firm foundation and the motion to dismiss will be granted on this ground as well.

Since plaintiff's action is due to be dismissed for the foregoing reasons, it is not necessary to discuss and decide the sovereign immunity ground for dismissal also advanced by defendants.