CRENSHAW COUNTY PRIVATE SCHOOL FOUNDATION, etc., d/b/a Crenshaw Christian Academy, Plaintiff-Appellant,

v.

John B. CONNALLY, Jr., Secretary of the Treasury of the U. S., et al., Defendants-Appellees.

No. 72–2775.

United States Court of Appeals, Fifth Circuit.

March 14, 1973.

Rehearing and Rehearing En Banc Denied

Charles J. Kettler, Jr., Luverne, Ala., for plaintiff-appellant.

Ira DeMent, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Meyer Rothwacks, Carolyn R. Just, Leonard J. Henzke, Jr., Attys., U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BELL and THORNBERRY, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

This is an appeal by the plaintiff-appellant, a non-profit private school foundation, from an order of the District Court of the Middle District of Alabama, 343 F.Supp. 495, granting a motion to dismiss its complaint for an injunction against the Secretary of the Treasury and the Commissioner of Internal Revenue.

The action was dismissed on two grounds. The lower court held that (1) relief was barred by 26 U.S.C.A. § 7421(a) [1], and (2) that plaintiff had an adequate remedy at law in view of the fact that it was not threatened with irreparable injury.

Since our decision is posited on the first ground, we pretermit a decision on the second.

Appellant was incorporated on July 15, 1965, as a non-profit religious educational corporation under the laws of Alabama, including the provisions of Title 10, §§ 124–132, Code of Alabama, 1940, as amended. It began full operation as the Crenshaw Christian Academy on September 30, 1968, allegedly "for students and parents who object to the constitutional inhibitions against prayer, Bible reading, religious study, and other activities of the Christian faith in public schools." Succinctly stated, the claimed purpose of the Academy is "to provide the children of the area an opportunity to obtain a quality education in a wholesome Christian atmosphere." Appellant avers that the Academy is nondenominational and is open to all adherents of the Christian faith, that its membership and student admission policy has never included any reference to race or color, and that there does not exist any officially recognized anti-racially discriminatory admission policy. It concedes that it has never received an application from a non-white, and consequently has never denied an application for admission from a non-white.

On September 17, 1968, appellant applied to the Internal Revenue Service for tax-exempt status under Title 26, § 501(c)(3).[2] On January 8, 1969, the Service issued its determination letter and letter of advance assurance ruling that appellant was exempt from Federal income tax under that section of the Revenue Code and that donors could deduct contributions to appellant as provided by Section 170, Title 26 U.S.C.A.[3]

1. Subject to exceptions not here applicable § 7421(a) provides that:

"... [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

2. Section 501. *Exemption from tax on corporations, certain trusts, etc.*

(c) *List of exempt organizations.*—The following organizations are referred to in subsection (a):

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

3. Section 170. *Charitable, etc., contributions and gifts*

(a) Allowance of deduction.—

(1) General rule.—There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution

However, the letter contained conditions reading:

> "The conclusions in this ruling are based on the Service's understanding that the operations of your school do not involve state action constituting a violation of the Constitution or laws of the United States. Further, in the event of legislative developments, or judicial interpretations—constitutional or otherwise—respecting the legality or educational qualification of your purposes or manner of operation which affect your elegibility under section 501(c)(3) of the Code, this ruling shall cease to be of effect."

Following the three-judge decision in Green v. Kennedy and Thrower, D.C., 309 F.Supp. 1127 (January 12, 1970), the Service issued a news release on July 10, 1970, wherein it was announced it could

> "no longer legally justify allowing tax-exempt status to private schools which practice racial discrimination nor can it treat gifts to such schools as charitable deductions for income tax purposes . . . where a school fails to establish that it has a racially non-discriminatory admission policy, an outstanding ruling of exemption will be withdrawn. . ."

On July 19, 1970, the Service amplified the release of July 10, 1970, by stating that its statement of position on racially non-discriminatory policies "would be applicable to all private schools, whether church related or not."

On June 18, 1971, the Internal Revenue Service wrote appellant requesting that it comply by establishing "a policy one way or the other," and by publicly advertising through the local news media a racially non-discriminatory policy. Following further correspondence and conferences, appellant declined to accede to the request for compliance, and upon the threatened withdrawal of its tax-exempt status and advance assurance of deductibility of contributions, it instituted this action.

The Supreme Court has interpreted the provisions of Section 7421(a) to mean that the tax assessment and collection processes are not subject to injunctive interference unless the complainant shows (1) that "it is clear that under no circumstances could the Government ultimately prevail," and (2) that equity jurisdiction otherwise exists because of the absence of a legal remedy. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292.

> "[T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." *Id.*

Thus judged, the exceptions are seen to be quite narrow and complainant's burden a most onerous one indeed.

Appellant insists that Section 7421(a) is inapplicable. Its insistence is premised on the position that the suit is not for the forbidden purpose proscribed by the section because (1) the administrative acts which it seeks to enjoin do not constitute an "assessment or collection" of a tax, and (2) because the purpose of the contested tax policy is not to raise revenue, but to compel compliance with the Government's policy respecting racial integration in the nation's schools. Initially it grounded its primary reliance

shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate.

. . . . . . .

(c) Charitable contribution defined. —For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of—

. . . . . . .

(2) A corporation, trust, or community chest, fund, or foundation—

(B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals;

upon the authority of Bob Jones University v. Connally, 341 F.Supp. 277 (D.C. 1971). That decision was reversed by the Fourth Circuit on January 19, 1973, 472 F.2d 903. While still insisting that the lower court was correct it now insists that the decision of the Circuit Court for the District of Columbia in "Americans United" Inc. v. Walters (1973) 477 F.2d 1169, should control. The court in the latter case, citing as sustaining authority the decision of the lower court in *Bob Jones*, reached a conclusion contrary [4] to that of the Fourth Circuit on its review of the *Bob Jones* case.

Appellant to a lesser extent also relies on Green v. Connally, D.C., 330 F.Supp. 1150, aff'd per curiam sub nom. Coit v. Green, 404 U.S. 997, 92 S.Ct. 564, 30 L. Ed.2d 550. That was a class action by Negro federal taxpayers of Mississippi to enjoin U.S. Treasury officials from according tax-exempt status and deductibility of contributions to private schools which discriminated against Negroes. That decision resolves the merits against appellant, but sustains the grant of an injunction without specific reference to Section 7421(a). In *Green* the court held that in light of the settled federal policy against racial discrimination the Internal Revenue Code must be construed to prohibit exemptions and deductions which extend tax benefits to racially discriminatory private schools. The court further held that the Internal Revenue Service can demand evidence of non-discrimination in admission policies in the nature of the evidence here requested before the institution of this suit.

We disagree with appellant's contention that Section 7421(a) is inapplicable because the suit did not seek to enjoin an "assessment or collection" of any tax.

The administrative proceedings were directed to a withdrawal of tax-exemption and deductibility-assurance rulings of the Internal Revenue Service. Those proceedings are directly involved with the assessment and collection of taxes from appellant and those making contributions to it. If those rulings are withdrawn, appellant will be liable for taxes on any net income realized by it and contributors to it will not be permitted to deduct from their gross income the amount of their contributions. Either event will result in an increase in taxes.[5] On the contrary, if the injunction issues, any assessment or collection of such increased taxes will be prohibited. Section 7421(a) is directed against that result.

We agree with the Fourth Circuit in *Bob Jones University* that the Government's policy with respect to racial discrimination is irrelevant to the proper disposition of this case.[6]

In view of the decisions in Green v. Connally, aff'd sub nom. Coit v. Green, *supra*, and Green v. Kennedy and Thrower, *supra*, we cannot conclude that "under no circumstances" could the In-

4. The suit of the individuals involved dollars contributed by them to American United. The claim of the latter did not involve its own tax-exempt status but the deductibility of contributions to it. The court held that the suit could not be maintained by the former since "the relief sought by the individual appellants directly ranged within the ambit of § 7421(a)." Amercan United was permitted to maintain its action.

5. See Fourth Circuit opinion in *Bob Jones University*.

6. See Bailey v. George, 259 U.S. 16, 42 S. Ct. 419, 66 L.Ed. 816 (1922), where the court upheld the application of the predecessor of Section 7421(a) and reversed the lower court which had granted an injunction against the Collector of Internal Revenue from collecting the Child Labor Tax in face of the argument that the tax was not for the purpose of raising revenue, but was penal and for the purpose of regulating child labor. See also, Singleton v. Mathis, 284 F.2d 616 (8 Cir.), where the court affirmed the denial of an injunction against the Director who was proceeding to collect a gaming tax of $250.00 each on pinball machines where it was obvious that the purpose of the tax was not to raise revenue but to control gambling.

ternal Revenue Service prevail in withdrawing its tax-exemption and deductibility-assurance rulings.

Considering all the averments presented by the complaint, we do not consider the charge by way of conclusion that the Internal Revenue Service is interfering with appellant's constitutional guarantee of religious liberty sufficiently substantial to merit an adjudication with respect to that issue.

Congress has barred the side door to actions "with respect to Federal taxes" under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, and, subject to the noted exceptions, has also barred the front by Section 7421(a). We are of the opinion and so hold that the lower court correctly ruled that Section 7421(a) constitutes a bar to the maintenance of this action. Consequently it did not err in dismissing the action on that ground. Its action is affirmed.

O'Sullivan, Senior Circuit Judge, dissented and filed opinion.