**BOB JONES UNIVERSITY, Appellee,**

v.

**John B. CONNALLY, Secretary of the Treasury of the United States and Johnnie M. Walters, Commissioner of Internal Revenue, Appellant.**

No. 72-1075.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 5, 1973.

Decided March 21, 1973.

Before BOREMAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Bob Jones University (Jones University) petitions for rehearing and suggests rehearing in banc on the ground, *inter alia*, that our decision, 4 Cir., 472 F.2d 903, is in conflict with the decision of the District of Columbia Circuit in "Americans United" Inc. v. Walters, 477 F.2d 1169 (D.C. Cir. 1973). Of

course we were unaware of *Americans United* in deciding our case, but we see no conflict between the two.

In *Americans United*, the District of Columbia Circuit held that the taxpayer was not barred by § 7421 from seeking to have declared unconstitutional, and to enjoin the enforcement of, the provision of § 501(c)(3), I.R.C. of 1954, which denies tax-exempt status to an organization, otherwise exempt under that statute, which engages substantially in activities to influence legislation or participates in political campaigns.

An examination of the opinion discloses that Americans United was exempt from taxation on its own income by both §§ 501(c)(3) and 501(c)(4), I.R.C. 1954. By virtue of its exemption under § 501(c)(3), contributions were deductible by donors. *Only* the 501(c)(3) exemption was revoked. As a consequence, *only* the deductibility of contributions by donors was removed; the exemption from taxation of its other income was not removed from Americans United. The Court ruled that individual donors could not litigate the deductibility of their contribution; and as a result, the only way in which the question of deductibility of contributions could be litigated was by Americans United in the suit which it filed. In a literal sense. such a suit by Americans United was not a suit for the purpose of restraining the assessment or collection of any tax as proscribed by § 7421 since no revenues taxable to Americans United could be affected.

The same is not true with respect to Jones University. In our case, the sole exemption lay in § 501(c)(3) and this exemption was the one sought to be revoked on the ground of racially discriminatory policies. If the. revocation was proper, not only would contributors to Jones University not be entitled to a deduction for their contributions, but Jones University would be taxable on its other income. Because of the latter, the

suit was one literally within § 7421, i. e., a suit to restrain the assessment or collection of a tax.

Thus, we think that the cases are distinguishable. Jones University's other grounds for granting the petition also do not persuade us. Therefore, with Judge Boreman dissenting, we deny rehearing. No judge eligible to do so has requested a poll on the suggestion for rehearing in banc.

Petition denied.