**PEACH BOWL, INC., a Georgia corporation**

v.

**George P. SHULTZ, Secretary of the Treasury of the United States of America, et al.**

**Civ. A. No. 17854.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 28, 1973.

John V. Skinner, Jr. and Paul J. Wagner, Jr., Skinner, Wilson, Beals & Strickland, Atlanta, Ga., for plaintiff.

William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., S. Martin Teel, Jr., Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action for declaratory and injunctive relief brought by plaintiff, a Georgia corporation, against various government officials, namely, the Secretary of the Treasury, the Commissioner of Internal Revenue, the Chief of the Exempt Organization Branch of the Internal Revenue Service, and the District Director of Internal Revenue. Plaintiff is currently classified as an exempt organization within the meaning of 26 U. S.C. § 501(c)(4), but seeks in this action a declaratory judgment that it is a tax exempt organization within the meaning of 26 U.S.C. § 501(c)(3)[1], and

---

1. § 501(c) distinguishes between these two types of organizations as follows:

    (3) Corporations, and any community chest, fund, or foundation, organized and op-erated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or for the prevention of cruelty to children or animals, no

an injunction enjoining the defendants, their successors and employees, from refusing to classify the plaintiff as such. Exhaustion of administrative remedies is alleged. Jurisdiction is grounded in 28 U.S.C. § 1340 and in Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

Presently before the court is defendants' motion to dismiss. In their motion to dismiss, defendants assert that this court is without authority to grant the relief requested, that the plaintiff has an adequate remedy at law, and that the action is actually a suit against the United States, which has not consented to be sued.

Plaintiff alleges that it is a non-profit corporation formed for the principal purpose of generating funds for the Georgia Lion's Lighthouse Foundation, Inc., (hereinafter the "Foundation"), which aids in the prevention of blindness and the preservation of sight, conducts research into the causes of eye-deficiency and failure, and generally helps the blind. Plaintiff further alleges that its affairs are administered by a Board of Directors appointed by the Executive Committee of the Foundation and whose officers serve without compensation. Plaintiff further alleges that its Executive Director, Mr. George Crumbly, is President of George Crumbly Promotions, Inc., which promotes the corporation's only activity, an annual post-season football game sanctioned by the National Collegiate Athletics Association (NCAA) and known as "The Peach Bowl". It is alleged that after promotional, administrative, clerical and supply expenses are paid, the remaining funds generated are accumulated for distribution to the Foundation.

Plaintiff's purpose in seeking a change from § 501(c)(4) to § 501(c)(3) status is that contributors to organizations exempt under § 501(c)(3) may deduct contributions from their income tax, pursuant to 26 U.S.C. § 170(c)(2), whereas contributors to organizations exempt under § 501(c)(4) may not. Plaintiff contends that denial of exemption status under § 501(c)(3), and its corresponding denial of tax deductions for contributions made to the plaintiff, threaten the plaintiff's very existence.

■ In support of their contention that this court is not authorized to grant the relief requested by plaintiff, defendants rely upon 26 U.S.C. § 7421(a), which provides in pertinent part that:

. . . [N]o suit for the purpose of *restraining the assessment or collection of any tax* shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed. (Emphasis added).

Despite the sweeping prohibitory language of this section, the U. S. Supreme Court has carved an exception from the anti-injunction provision in those cases (1) where the taxpayer would suffer irreparable injury and is without legal remedy, and (2) where it is clear that under no circumstances could the government ultimately prevail. Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Thus the major question in this action is whether it is a suit "for the purpose of restraining the assessment or collection of any tax." If it is such a suit, then the court must determine whether both conditions of the test in Enochs v.

part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

(4) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership or which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes.

Williams Packing Co., *supra*, are satisfied. If the test is not met, then the action must be dismissed for lack of subject matter jurisdiction.

Defendants argue strenuously that this action is a suit to restrain the assessment or collection of taxes. They contend that in addition to allowing contributors to deduct their contributions, an organization exempt under § 501(c)(3) is also exempt from federal social security (26 U.S.C. §§ 3101(a) and 3121(b)(8)(B)) and unemployment (26 U.S.C. §§ 3301 and 3306(c)(8)) taxes. A § 501(c)(4) organization, however, is not exempt from such taxes. Therefore, according to defendants, the declaratory and injunctive relief sought (1) would necessarily bar the assessment against (and collection from) the plaintiff of social security and unemployment taxes and (2) would necessarily bar the assessment against (and collection from) plaintiff's contributors of deficiencies in income taxes resulting from disallowed deductions of contributions to the plaintiff.

Although § 7421(a) does not require that the person who maintains the suit be the taxpayer, and does not specify the type of tax, plaintiff argues in response that the tax whose assessment and collection is sought to be restrained must be an income tax levied upon the plaintiff. It is clear that the present action would not restrain the collection or assessment of such tax against the plaintiff, because its status as a § 501(c)(4) organization exempts it from income tax liability. If plaintiff were not already a § 501(c)(4) organization, then the assessment and collection of its income tax would be restrained by this lawsuit.

The questions raised by the present action have been recently considered by the Fifth, Fourth, and District of Columbia Circuits. In "Americans United" Inc. v. Walters, 155 U.S.App.D.C. 284, 477 F.2d 1169 (1973), the District of Columbia Circuit held that § 7421(a) did not bar a constitutional challenge (based on First and Fifth Amendment grounds to the Internal Revenue Service's revocation of the plaintiff's status as a § 501(c)(3) organization. As in the present case, the plaintiff's status as a § 501(c)(4) organization was not affected by the revocation. As a basis for its decision, the court reasoned that the restraint upon assessment and collection was at best collateral, in that the suit's main purpose was not to remove the burden of taxation from contributors but rather to avoid the disposition of contributed funds away from the corporation. 477 F.2d 1180.

However, in Bob Jones University v. Connally, 472 F.2d 903 (4th Cir. 1973), reh. den., 476 F.2d 259 (1973), the Fourth Circuit held that a suit by the plaintiff to restrain the Internal Revenue Service from terminating its status as a § 501(c)(3) organization was barred by § 7421(a). In denying the plaintiff University's petition for a rehearing, the court squared its result with "Americans United" Inc. v. Walters, *supra*, by noting that the University, unlike "Americans United", had not been classified as an exempt organization under § 501(c)(4). If the University's § 501(c)(3) status were revoked, it would be forced to pay income tax. Therefore, an injunction restraining the Internal Revenue Service from terminating the University's status as a § 501(c)(3) organization would restrain the assessment and collection of the University's income tax.

In Crenshaw County Private School Foundation v. Connally, 474 F.2d 1185 (5th Cir. 1973), reh. den., 475 F.2d 1404 (1973), the Fifth Circuit was presented with a factual situation similar to that faced by the Fourth Circuit in Bob Jones University v. Connally, *supra*, in that the plaintiff-appellant was not classified as a § 501(c)(4) organization. Instead, revocation of the plaintiff's status as a § 501(c)(3) organization had been threatened by the Internal Revenue Service. The court held that § 7421(a) barred an action for injunctive relief because Internal Revenue Service adminis-

trative proceedings that would have terminated the plaintiff's tax exempt status

are directly involved with the assessment and collection of taxes from appellant and those making contributions to it. If [tax-exemption and deductibility-assurance] rulings are withdrawn, appellant will be liable for taxes on any net income realized by it and contributors to it will not be permitted to deduct from their gross income the amount of their contributions. *Either event will result in an increase in taxes*. (Emphasis added) 474 F.2d 1188.

In so holding, the court in *Crenshaw* relied upon the Fourth Circuit's decision in *Bob Jones University* and declined to follow the District of Columbia Circuit's decision in "Americans United" Inc. One week after the *Crenshaw* decision was rendered, however, the Fourth Circuit harmonized its decision in *Bob Jones University* with "Americans United" Inc., as discussed above, by impliedly agreeing that assessment and collection of taxes upon contributors to would-be § 501(c)(3) organizations was not sufficient to raise the bar of § 7421(a).

■ Despite this change of events, this court is of the opinion that the Fifth Circuit in *Crenshaw* clearly felt that the tax effect upon contributors of a change in an organization's tax-exempt status is by itself sufficient for the purposes of § 7421(a). In addition, the absence of any substantial constitutional claim in this case, unlike *Crenshaw, Bob Jones University*, and "Americans United" Inc., supra, makes it clear that this suit is designed to directly restrain the assessment and collection of contributors' income taxes, rather than to vindi-

cate any constitutionally secured rights compromised by actions of the defendants. Accordingly, for the reasons hereinabove, this court finds that the present suit is one to restrain the assessment and collection of a tax within the meaning of § 7421(a).[2]

■ As § 7421(a) applies to this action, it is necessary to determine whether the test of Enochs v. Williams Packing Co., *supra*, has been satisfied. Under this test, plaintiff is required to show both that the Government could not prevail under any circumstances and that plaintiff has made out a case for equitable relief. As no constitutional questions have been raised in this action, the only issue on this point is whether the Government exercised good faith in declining to classify plaintiff as a § 501(c)(3) organization. In this regard, the Court in Enochs v. Williams Packing Co., *supra*, reasoned as follows:

We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. 370 U.S. 7, 8, 82 S. Ct. 1125, 1129.

In light of this standard, the court cannot say that defendants did not act in

---

2. The court agrees with plaintiff's contention that its employment of only two part-time employees creates a *de minimis* situation with respect to social security and unemployment taxes, although the language of § 7421(a) does not appear to establish any minimum amount of tax whose assessment and collection is sought to be restrained. Restraining the assessment and collection of these taxes appears to be ancillary to the

main purpose of the action, which has been discussed above in more detail. However, it is conceivable that the enforced award of a § 501(c)(3) classification would enable the plaintiff to receive more charitable contributions and hire more employees but at the same time restrain the defendants from assessing and collecting on an increased social security and unemployment tax liability.

good faith and have no chance of prevailing on the merits.

In order to qualify for § 501(c)(3) status, an organization must be "organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or for the prevention of cruelty to children or animals . . ." The section further provides that no part of the net earnings must inure ". . . to the benefit of any private shareholder or individual . . ." In support of their contention that the Internal Revenue Service acted in good faith and can prevail on the merits, defendants make three points: first, that plaintiff was not organized and operated exclusively for one of the purposes set forth in § 501(c)(3); second, that plaintiff cannot qualify for § 501(c)(3) status by virtue of its relationship with the Foundation; and finally, that a part of the organization's net earnings inures to the benefit of a private individual.

As to their first point, defendants contend that an organization operated for the promotion of social welfare is not necessarily an organization operated *exclusively* for the charitable purposes of § 501(c)(3). It is clear from various documents attached to the complaint that a substantial percentage of plaintiff's gross receipts is used to pay off various clerical, administrative, and promotional costs, which include payments to the two teams and expenditures for social functions. It also appears that five per cent of the gross receipts is payable to George Crumbly Promotions, Inc., whose president is the treasurer and executive director of the Peach Bowl. From the above, defendants argue that if plaintiff were to be given § 501(c)(3) status, contributors to the football game and associated promotional activities would receive a full deduction for their contributions despite the fact that their contributions would not necessarily pass through to the Lighthouse Foundation.

Defendants' second contention is that plaintiff does not qualify for § 501(c)(3) status merely because it pass-es its net earnings to the Lighthouse Foundation, which is classified as a § 501(c)(3) organization. In support of this argument, defendants rely upon 26 U.S.C. § 502, entitled "Feeder organizations", which provides in subsection (a) that:

An organization operated for the primary purpose of carrying on a trade or business for profit shall not be exempt from taxation under section 501 on the ground that all of its profits are payable to one or more organizations exempt from taxation under section 501.

Defendants contend that plaintiff is organized and operated to generate funds and thus has a "primary purpose of carrying on a trade or business for profit." Defendants further contend that any contrary interpretation would completely nullify the purpose of § 502.

Defendants' final contention is that a part of the net earnings of the plaintiff inures to the benefit of Mr. George Crumbly, executive director and treasurer of plaintiff and president of George Crumbly Promotions, Inc. This promotional corporation receives five per cent of the gross receipts from The Peach Bowl Game, and is reimbursed by plaintiff for all direct expenses. Therefore, according to defendants, as plaintiff's gross income increases, payments to Mr. Crumbley's corporation would increase without regard to services rendered. In defendants' view, this is comparable to a corporate dividend and constitutes inurement to him within the meaning of § 501(c)(3). See, for example, The Founding Church of Scientology v. United States, 412 F.2d 1197, 188 Ct.Cl. 490 (1969).

Although this court is not persuaded that defendants would necessarily prevail on these points (see, for example, Mobile Arts and Sports Association v. United States, 148 F.Supp. 311 (S.D. Ala., 1957) ), plaintiff has made no attempt to refute defendants' contention that it acted in good faith and could prevail under certain circumstances. Accordingly, the court is compelled to con-

clude that plaintiff has not satisfied an essential element of the test in Enochs v. Williams Packing Co., Inc., *supra,* and that this action is barred by virtue of § 7421(a).

■ A final matter remains for consideration; namely, the availability to plaintiff of declaratory relief under 28 U.S.C. § 2201. Under this section, a federal district court has the authority to declare the rights of parties in cases of actual controversy within its jurisdiction, "except with respect to Federal taxes." The above-quoted language is coterminous with the prohibitive provision of 26 U.S.C. § 7421(a). As stated by the Seventh Circuit in Tomlinson v. Smith, 128 F.2d 808, 811 (7th Cir. 1942):

> What we have said concerning the jurisdiction of the court to issue a restraining order is, as we view the matter, determinative of its jurisdiction to declare the rights of the parties relative thereto. It is unreasonable to think that a court with authority to issue a restraining order is without power to declare the rights of the parties in connection therewith. In other words, it is our view that the language which exempts federal taxes from the Declaratory Judgment Act is co-extensive with that which precludes the maintenance of a suit for the purpose of restraining the assessment or collection of a tax.

See also, Jules Hairstyles of Maryland v. United States, 268 F.Supp. 511, 515 (D. C.Md.1969). Therefore, as this court has found itself unable to render the injunctive relief requested, it follows that declaratory relief is also unavailable. Having so concluded, the court finds it unnecessary to consider the other defenses raised in the motion to dismiss.

Therefore, the present action must be, and hereby is, dismissed for lack of subject matter jurisdiction.

Plaintiff has also moved for oral argument on defendant's motion. The motion is denied.

It is so ordered.