Opinion for the Court filed by Circuit Judge KAVANAUGH, with whom Senior Circuit Judge RANDOLPH joins.
Concurring opinion filed by Senior Circuit Judge RANDOLPH.
Dissenting opinion filed by Circuit Judge HENDERSON.
KAVANAUGH, Circuit Judge:
We again confront the Anti-Injunction Act. The Act says that “no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.” 26 U.S.C. § 7421(a): Among other things, the Act generally bars pre-enforcement challenges to certain tax statutes and regulations. The Act requires plaintiffs to instead raise such challenges in refund suits after the tax has been paid, or in deficiency proceedings. The Act thus creates a narrow exception to the general administrative law principle that pre-enforcement review of agency regulations is available in federal court. See Abbott Laboratories v. Gardner, 387 U.S. 136, 152-53, 87 S.Ct. 1507, 18 *1067 L.Ed.2d 681 (1967). The Act thereby “protects the Government’s ability to collect a consistent stream of revenue.” National Federation of Independent Business v. Sebelius, — U.S. -, 132 S.Ct. 2566, 2582, 183 L.Ed.2d 450 (2012).
This case concerns an IRS regulation that imposes a “penalty” on U.S. banks that fail to report interest paid to certain foreign account-holders. See 26 C.F.R. §§ 1.6049-4, 1.6049-8 (reporting requirement); 26 U.S.C. § 6721(a) (penalty). Two Bankers Associations — the Florida Bankers Association and the Texas Bankers Association — challenge the legality of the regulation. The Government argues that their suit is premature at this time because of the Anti-Injunction Act.
The question before us is straightforward: Is a challenge to a tax-related statutory or regulatory requirement that is enforced by a “penalty” — as opposed to a challenge to a statute or regulation that imposes a tax — covered by the Anti-Injunction Act? The answer to that question is often no. But the Tax Code defines some penalties as taxes for purposes of the Anti-Injunction Act. In those cases, the Anti-Injunction Act ordinarily applies because the suit, if successful, would invalidate the regulation and thereby directly prevent collection of the tax.
This is just such a case. The penalty at issue here is located in Chapter 68, Subchapter B of the Tax Code. See 26 U.S.C. § 6721. The Tax Code provides that penalties in Chapter 68, Subchapter B are treated as taxes under the Anti-Injunction Act. See id. § 6671(a); NFIB, 132 S.Ct. at 2583. The Supreme Court explicitly confirmed as much in NFIB, stating: “Penalties in subchapter 68B” are “treated as taxes under Title 26, which includes the Anti-Injunction Act.” NFIB, 132 S.Ct. at 2583. Plaintiffs’ suit, if successful, would invalidate the reporting requirement and restrain (indeed eliminate) the assessment and collection of the tax paid for not complying with the reporting requirement. For that reason, the Anti-Injunction Act bars this suit as premature. We vacate the judgment of the District Court and remand with directions to dismiss the case on those grounds.[1]
To be clear, our ruling does not prevent a bank from obtaining judicial review of the challenged regulation. A bank may decline to submit a required report, pay the penalty, and then sue for a refund. At that time, a court may consider the legality of the regulation. The issue here is when — not if — the bank may challenge the regulation. Indeed, a bank that had followed that path from the time this litigation began several years ago would likely have already obtained judicial review of the challenged regulation.
I
The Anti-Injunction Act provides that “no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.” 26 U.S.C. § 7421(a). ' The Declaratory Judgment Act likewise prohibits most declaratory suits “with respect to Federal taxes.” 28 U.S.C. § 2201(a). This Court has interpreted the two Acts to be “coterminous.” Cohen v. United States, 650 F.3d 717, 730-31 (D.C.Cir.2011) (en banc). *1068 For simplicity, we will refer only to the Anti-Injunction Act.
The IRS regulation at issue here requires banks to report interest paid “to a nonresident alien individual who is a resident of a country ... with which the United States has in effect an income tax or other convention' or bilateral agreement relating to the exchange of tax information.” 26 C.F.R. § 1.6049 — 8; see also id. § 1.6049-4 (requiring the reporting of interest, as defined in Section 1.6049-8). Banks file those reports using Forms 1096 and 1099-INT.
If a bank fails to file the required report, that bank is subject to a “penalty” under 26 U.S.C. § 6721(a). Because of its location in the U.S.Code, that penalty is treated as a tax for purposes of the Anti-Injunction Act. We know that for two good reasons: The text of the Tax Code says so, and the Supreme Court says so.
The Tax Code is located in Title 26 of the U.S.Code. Title 26 is subdivided into chapters numbered 1 through 100. Chapter 68, Subchapter B provides that the penalties in that Subchapter are considered taxes: “Except as otherwise provided, any reference in this title to ‘tax’ imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.” 26 U.S.C. § 6671(a) (emphasis added). In other words, under Section 6671(a), any provision in Title 26 that refers to a “tax” imposed by that title applies to penalties imposed under Chapter 68, Subchapter B. The Anti-Injunction Act, which bars suits to restrain the assessment or collection of taxes, is part of Title 26. Therefore, the Anti-Injunction Act also bars suits to restrain the assessment or collection of penalties imposed under Chapter 68, Subchapter B.
The penalty provision at issue in this case — Section 6721(a) — is located in Chapter 68, Subchapter B. Under Section 6671(a), the penalty is therefore treated as a tax for purposes of Title 26 — including the Anti-Injunction Act. Because this suit would have the effect of restraining (indeed eliminating) the assessment and collection of that tax, the Anti-Injunction Act bars this suit.
The key Supreme Court precedent confirms as much. In NFIB, the Supreme Court stated that penalties in Chapter 68, Subchapter B are taxes for purposes of the Anti-Injunction Act. The Court’s words were clear and unequivocal: “Penalties in subchapter 68B are thus treated as taxes under Title 26, which includes the Anti-Injunction Act.” National Federation of Independent Business v. Sebelius, — U.S. -, 132 S.Ct. 2566, 2583, 183 L.Ed.2d 450 (2012). Had the penalty at issue in NFIB been located in Chapter 68, Subchapter B, the Anti-Injunction Act would have applied, according to the Court. See id. But the penalty at issue in NFIB was located in another portion of the Code (Chapter 48); for that reason, the Anti-Injunction Act did not apply in that case, the Court said. Id. at 2583-84. The Court concluded as follows: “The Affordable Care Act does not require that the penalty for failing to comply with the individual mandate be treated as a tax for purposes of the Anti-Injunction Act. The Anti-Injunction Act therefore does not apply to this suit, and we may proceed to the merits.” Id. at 2584.
In this case, unlike in NFIB, the penalty is located in Chapter 68, Subchapter B. Therefore, under the Court’s analysis in NFIB, the penalty for failing to comply with the reporting requirement at issue here is a “tax” under the Anti-Injunction Act. So the Anti-Injunction Act bars this suit.
II
In response, plaintiffs point to a recent Supreme Court decision involving *1069 the Tax Injunction Act, which is often interpreted to be similar in scope to the Anti-Injunction Act. See Direct Marketing Association v. Brohl, — U.S. -, 135 S.Ct. 1124, 1129, 191 L.Ed.2d 97 (2015). The Tax Injunction Act, in essence, bars as premature those suits targeting state tax schemes. See id. at 1129. In that case, the Court confronted a Colorado tax notice requirement, the violation of which was subject to a $5 penalty provided by Colorado law. Id. at 1128. The Court held that the Tax Injunction Act did not bar a challenge to that requirement. Id. at 1127.
In this case, we likewise confront a reporting requirement that is enforced by a penalty. But in this case, Section 6671(a) treats the penalty as a tax for purposes of the Anti-Injunction Act. The penalty in Direct Marketing Association was not itself a tax, or at least it was never argued or suggested that the penalty in that case was itself a tax. The Anti-Injunction Act therefore applies here, unlike in Direct Marketing Association.
To put it another way: If the penalty here were not itself a tax, the Anti-Injunction Act would not bar this suit. But because this penalty is deemed a tax by Section 6671(a), the Anti-Injunction Act bars this suit as premature.
On page 27 of their reply brief, plaintiffs briefly cite this Court’s decision in Food-service & Lodging Institute, Inc. v. Regan, 809 F.2d 842 (D.C.Cir.1987). One regulation at issue in Foodservice required food and beverage establishments to report certain amounts that their employees earned in tips. See id. at 846; see also 26 U.S.C. § 6053(c)(1) (1982). We concluded that on “its face, the regulation does not relate to the assessment or collection of taxes, but to IRS efforts to determine the extent of tip compliance in the food and beverage industry.” Foodservice, 809 F.2d at 846. Therefore, the Anti-Injunction Act did not bar petitioner’s challenge to that reporting requirement.
The penalty for non-compliance with the reporting requirement in Food-service was a penalty, not a tax. See 26 U.S.C. § 6652(a)(1)(B)(iv) (1982). The Foodservice Court proceeded as if failure to comply with the regulation would not itself require the payment of a tax (or of a penalty deemed to be a tax by the Tax Code). See Foodservice, 809 F.2d at 846. The Court therefore analyzed the case along the same lines that the Supreme Court later analyzed Direct Marketing Association. As relevant here, all that Food-service stands for is this settled proposition: The Anti-Injunction Act ordinarily does not bar a challenge to a reporting requirement when the penalty that enforces the reporting requirement is not itself treated as a tax under the Code.
Here, by contrast, we know that the penalty is a tax for purposes of the Anti-Injunction Act. The Tax Code itself provides as much. And in NFIB, the Supreme Court unequivocally confirmed that these penalties in Chapter 68, Subchapter B are “treated , as taxes under Title 26, which includes the Anti-Injunction Act.” National Federation of Independent Business v. Sebelius, — U.S. -, 132 S.Ct. 2566, 2583, 183 L.Ed.2d 450 (2012) (emphasis added).
In sum, Direct Marketing Association and Foodservice do not control this case because the penalty at issue here is itself a tax for purposes of the Anti-Injunction Act. Unlike in those two cases, the tax here is not two or three steps removed from the regulation in question. Here, because the Code defines the penalty as a tax, a tax is imposed as a direct consequence of violating'the regulation. Invalidating the regulation would directly bar collection of that tax. This case is there *1070 fore at the heartland of the Anti-Injunction Act.
Ill
Plaintiffs raise an alternative argument. In their view, even if the penalty here is deemed a tax for purposes of the Anti-Injunction Act, the Act still does not apply because plaintiffs do not seek to restrain the assessment or collection of the penalty. They contend instead that they are seeking “relief from a regulatory mandate that exists separate and apart from the assessment or collection of taxes.” Plaintiffs’ Reply Br. 26. The Anti-Injunction Act cannot be sidestepped by such nifty wordplay. The Supreme Court has consistently ruled — and most recently indicated as well in NFIB — that plaintiffs cannot evade the Anti-Injunction Act by purporting to challenge only the regulatory aspect of a regulatory tax.
In Alexander v. “Americans United” Inc., 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974), the IRS had revoked the tax exempt status of Americans United, which affected the organization’s tax liability and the ability of the organization’s donors to deduct contributions from their taxes. In an effort to avoid the Anti-Injunction Act’s bar, Americans United styled its suit as an objection to the laws under which its tax-exempt status was revoked rather than to its increased tax burden. Id. at 755-58, 94 S.Ct. 2053. Americans United argued that its suit would have “at best a collateral effect” on the assessment or collection of taxes. Id. at 760, 94 S.Ct. 2053. It therefore contended that the suit was not barred by the Anti-Injunction Act.
The Supreme Court' disagreed. The Court explained that if Americans United prevailed, its tax exempt status would be reinstated and the United States would necessarily collect fewer taxes from the organization and its charitable contributors. A “suit to enjoin the assessment or collection of anyone’s taxes triggers the literal terms” of the Act. Id. The Supreme Court said it would be “circular” to conclude that a regulatory challenge that would preclude the collection of taxes was not a suit for the purpose of restraining the collection of those taxes. Id. at 761, 94 S.Ct. 2053.
In another case that same year, the Court similarly found that a challenge to the IRS’s revocation of tax exempt status was barred by the Anti-Injunction Act. As the Court explained there, if the relief plaintiffs seek “would necessarily preclude the collection” of “taxes” within the meaning of the Act, “a suit seeking such relief falls squarely within the literal scope of the Act.” Bob Jones University v. Simon, 416 U.S. 725, 732, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); see id. at 738-39, 94 S.Ct. 2038.
Those two cases built on Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816 (1922). There, the Supreme Court held that the Anti-Injunction Act blocked a pre-enforcement suit to enjoin collection of the federal Child Labor Tax. Id. at 19-20, 42 S.Ct. 419. The suit targeted the regulatory aspect of the tax, but the Court still held that the Anti-Injunction Act applied and barred the suit. Id.
As the Supreme Court’s case law reveals, the Court has “abandoned” any distinction between “regulatory and revenue-raising taxes” for purposes of the Anti-Injunction Act. Bob Jones, 416 U.S. at 741 n. 12, 94 S.Ct. 2038; see United States v. Sanchez, 340 U.S. 42, 44-45, 71 S.Ct. 108, 95 L.Ed. 47 (1950); Sonzinsky v. United States, 300 U.S. 506, 513, 57 S.Ct. 554, 81 L.Ed. 772 (1937). A challenge to a regulatory tax comes within the scope of the Anti-Injunction Act, even if the plaintiff claims to be targeting the regulatory aspect of the regulatory tax. That is be *1071 cause invalidating the regulation would directly prevent collection of the tax, in violation of the Anti-Injunction Act. See also Z Street v. Koskinen, 791 F.3d 24, at 28-29 (D.C.Cir.2015) (describing “Americans United” and Bob Jones as saying that notwithstanding the plaintiffs’ claims in those cases, the “obvious purpose” of their suits was to reduce payment of taxes).[2]
Consistent with that line of cases, NFIB itself further refutes plaintiffs’ argument. In that case, in an alternative argument, the plaintiffs contended that the Anti-Injunction Act did not apply because they were challenging not the penalty but rather the underlying regulatory mandate that they purchase health insurance. The Government, while agreeing with the plaintiffs that the Anti-Injunction Act did not apply for other reasons, vigorously disputed that particular argument. Citing decades of Supreme Court case law, the Government explained: “Private respondents err in suggesting that they can avoid the AIA, if otherwise applicable, by characterizing their suit as a challenge to the statutory predicate for imposition of the minimum coverage penalty rather than the penalty itself.” NFIB Government’s Br. at 38.
In concluding that the Anti-Injunction Act did not bar the suit, the Supreme Court hewed to the line advanced by the Government. The Supreme Court concluded that the penalty at issue there was not a tax under the Anti-Injunction Act. Had the Court ended there, NFIB perhaps would not tell us much one way or the other about the regulatory tax issue. But NFIB also made clear that the Anti-Injunction Act would have applied if the penalty were a tax under the Act. The Court unequivocally stated: “Penalties in subchapter 68B are ... treated as taxes under Title 26, which includes the Anti-Injunction Act.” National Federation of Independent Business v. Sebelius, — U.S. -, 132 S.Ct. 2566, 2583, 183 L.Ed.2d 450 (2012). And the Court concluded that section of its opinion by saying: “The Affordable Care Act does not require that the penalty for failing to comply with the individual mandate be treated as a tax for purposes of the Anti-Injunction Act. The Anti-Injunction Act therefore does not apply to this suit, and we may proceed to the merits.” Id. at 2584 (emphasis added).
In saying as much, the Supreme Court did not recognize or carve out a new exception to the Anti-Injunction Act for cases targeting taxes used to enforce regulatory mandates. Nor did the Court even suggest that was an open question. And it is all but impossible to deem the Court’s words inadvertent, given the extensive briefing and argument focused on that precise question.
The repercussions of plaintiffs’ argument on this point show, moreover, why the Supreme Court has consistently rejected it. A taxpayer could almost always characterize a challenge to a regulatory tax as a challenge to the regulatory component of the tax. That would reduce the Anti-Injunction Act to dust in the context of challenges to regulatory taxes. But the Anti-Injunction Act is more than a pleading exercise, as the Supreme Court has explained time and again in concluding that it bars premature challenges to regulatory taxes.
Under Bailey, Alexander, Bob Jones, and NFIB, plaintiffs’ challenge to the reporting requirement is necessarily also a challenge to the tax imposed for failure to comply with that reporting re *1072 quirement. If plaintiffs’ challenge were successful, the IRS would be unable to assess or collect that tax for failure to comply with the reporting requirement. Invalidating the reporting requirement would necessarily “restrain” the assessment and collection of the tax. This we cannot do.[3]
In sum, the Banking Associations’ challenge to the reporting requirements in Sections 1.6049-4 and 1.6049-8 is barred by the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act. We vacate the judgment of the District Court and remand with directions to dismiss the case on those grounds.

So ordered.

. Under the law of this Court, the Anti-Injunction Act is jurisdictional. See Gardner v. United States, 211 F.3d 1305, 1311 (D.C.Cir.2000). Of course, that label has practical significance only when the Government waives or forfeits its argument that the Anti-Injunction Act bars a claim. Here, the Government asserted that the Anti-Injunction Act bars plaintiffs’ claim, so the jurisdictional or non-jurisdictional label carries no practical significance for this case.

. In Z Street, we held that the challenge there fell into an exception that the Supreme Court has made to the Anti-Injunction Act for cases "where the plaintiff has no other remedy for its alleged injury.” Z Street, 791 F.3d,at 31; see generally South Carolina v. Regan, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984).

. In Seven-Sky v. Holder, 661 F.3d 1, 14 (D.C.Cir.2011), we concluded that the Anti-Injunction Act did not bar a suit that challenged the individual mandate provision of the Affordable Care Act. We held that the penalty there was not a "tax” under the Act because it was located outside Chapter 68. See id. at 10-12. The Supreme Court agreed with our Anti-Injunction Act decision in Seven-Sky on precisely that ground. NFIB, 132 S.Ct. at 2583-84. Seven-Sky also cited Food-service and noted that the Anti-Injunction Act has "never been applied to bar suits brought to enjoin regulatory requirements that bear no relation to tax revenues or enforcement.” Seven-Sky, 661 F.3d at 9. That is true and corresponds to our holding in this case. The difference here, of course, is that the penally in this case is itself treated as a tax under the Code, which is the point the Supreme Court emphasized in NFIB. Moreover, Seven-Sky never stated that, even assuming the penalty at issue there was itself a tax, the Anti-Injunction Act would still not apply. In all events, as we have explained, NFIB (which post-dated Seven-Sky) indicated that a party may not avoid the Anti-Injunction Act by purporting to challenge only the regulatory aspect of a regulatory tax. In NFIB, the Supreme Court stated unequivocally that the Anti-Injunction Act applies to penalties treated as taxes under the Tax Code.