## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT A. MCNEIL,
            Plaintiff

        v.

COMMISSIONER, INTERNAL
REVENUE, *et al.*,
            Defendants

Civil Action No. 15-1288 (CKK)

## MEMORANDUM OPINION
(June 7, 2016)

Having carefully considered Plaintiff's [15] Motion to Alter/Amend Dismissal and for Oral Argument, and Defendant's [16] Opposition to that Motion. The Court concludes that Plaintiff has provided no basis for the Court to alter or amend the judgment of dismissal issued in this case on April 12, 2016.[1]

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).

Plaintiff has not established extraordinary circumstances warranting relief from a final judgment. To the extent that Plaintiff presents arguments that were presented previously in opposing Defendants' motion to dismiss, the Court rejects those arguments for the same reasons stated in the [13] Memorandum Opinion issued in this case on April 12, 2016—which the Court fully incorporates and makes part of this Memorandum Opinion.

To the extent that Plaintiff presents new arguments in the pending motion, the Court will not consider those arguments at this stage of the proceedings. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (Rule 59(e) " 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' ") (citation omitted). Specifically, for the first time, Plaintiff now

---

[1] In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

argues that the Anti-Injunction Act is not jurisdictional. Because Plaintiff could have, but failed to, raise this argument previously, the Court will not consider its merits.[2] *See* Pl.'s Mot. at 9-10 (citing Supreme Court cases from 2008 and 2011, several years prior to the filing of this case).

For all of these reasons, as well as the reasons stated in the [13] Memorandum Opinion issued in this case on April 12, 2016—which the Court fully incorporates and makes part of this Memorandum Opinion—Court's DENIES Plaintiff's [15] Motion.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] In any event, were the Court to consider Plaintiff's new arguments, the Court would conclude that the Anti-Injunction Act is jurisdictional. Notwithstanding any general statements from the Supreme Court regarding the jurisdictional nature of statutory provisions, binding precedent in this Circuit continues to mandate the conclusion that the Anti-Injunction Act is jurisdictional. *See Florida Bankers Ass'n v. U.S. Dep't of the Treasury*, 799 F.3d 1065, 1067 n.1 (D.C. Cir. 2015) ("Under the law of this Court, the Anti-Injunction Act is jurisdictional."). Moreover, as in *Florida Bankers*, "the Government asserted that the Anti-Injunction Act bars plaintiff['s] claim, so the jurisdictional or non-jurisdictional label carries no practical significance for this case." *Id.* In short, even if the Court were to consider Plaintiff's new argument, and even were the Court to agree with Plaintiff's legal argument, it would not result in any difference in the outcome in this case.